Rafael SANCHEZ, Appellant,

v.

The STATE of Texas.

No. 1051–03.

Court of Criminal Appeals of Texas.

June 30, 2004.

Randall Scott, Grand Prairie, for Appellant.

Patricia Poppoff Noble, Asst. DA, Matthew R. Filpi, Asst. DA, Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and JOHNSON, HOLCOMB, and COCHRAN, JJ., joined.

Appellee was charged in a Dallas municipal court with a consumer affairs violation. On the day the case was set for trial, he made an oral motion to quash the complaint. The municipal court granted Appellee's motion to quash in an unrecorded hearing. Arguing that the motion was untimely according to Texas Code of Criminal Procedure article [1] 45.019(f), the State appealed to the County Criminal Court of Appeals, which affirmed the judgment of the municipal court. The State then appealed to the Dallas Court of Appeals, which in an *en banc* published opinion affirmed the judgment of the County Court of Criminal Appeals. Four judges dissented to the majority's opinion. The Court of Appeals overruled the State's motion for rehearing, and the State subsequently filed this petition for discretionary review.

The issue in this case is one that has not been examined directly by this Court. Under article 45.019(f) of the Texas Code of Criminal Procedure, what does the phrase "before the date on which the trial on the merits commences" mean? TEX. CODE CRIM. PROC. ANN. art. 45.019(f) (Vernon 2002). Is the phrase to be interpreted by its literal meaning, in which case a defendant must object before the date on which the trial *starts,* or should the phrase mean, rather, that the defendant must object before the date on which the case is *set* for trial?

■ The overall goal when interpreting a statute is to give effect to the collective intent or purpose of the Legislature that enacted the statute. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). To do so, one must focus on the literal text of the statute and try to discern the fair, objective meaning of that text. *Id.* If the meaning of the text is clear and unambiguous, the court should give effect to that meaning. *Id.* If however, the statute is ambiguous or the plain meaning of the statute would lead to absurd consequences that the Legislature could not possibly have intended, extratextual sources may "then and only then, out of absolute necessity," be consulted. *Id.*

■ The first step is therefore to discern the plain meaning of the statute according to the literal text. *Boykin,* 818 S.W.2d at 785. Chapter 45 of the Texas Code of Criminal Procedure, which governs criminal actions in municipal and justice courts, states (in relevant part):

> If the defendant does not object to a defect, error, or irregularity of form or substance in a charging instrument *before the date on which the trial on the merits commences,* the defendant waives and forfeits the right to object to the defect, error, or irregularity.

Tex.Code Crim. Proc. Ann. art. 45.019(f) (Vernon 2002) (emphasis added). The Court of Appeals used the dictionary to find that "commence" means "to begin, start" or "to initiate formally by perform-

---

1. Unless otherwise noted, all future references to Articles refer to the Texas Code of Criminal Procedure.

ing the first act." *State v. Sanchez*, 135 S.W.3d 698, 699 (Tex.App.Dallas, 2003), citing WEBSTER'S THIRD NEW INT'L DICTIONARY 456 (1981). The court thus determined that, under the plain meaning of the statute, the defendant must object before the date on which trial *begins* or *starts*. *Id.* The court did not discuss when "trial on the merits" commences, but held that because the municipal court granted Appellee's motion to quash, trial did not commence on that day, and Appellee's motion was therefore timely.

The State argues that the Court of Appeals: 1) failed to consider instructive authority and 2) interpreted article 45.019(f) in a manner that leads to absurd consequences. The State urges that although the literal text of the statute would mean what the court of appeals claims, the results are so absurd that such a meaning could not have been intended by the Legislature. Rather, the State insists that the phrase "before the date on which the trial on the merits commences" should be construed to mean that the defendant must make a motion to quash before the date on which the case is *set* or *scheduled* for trial. Under the State's interpretation, then, Appellee's motion to quash, on the date the case was *set* for trial, was untimely.

**Case Law**

The State concedes that this Court has never before determined the meaning of "before the date on which the trial on the merits commences" in article 45.019(f), but cites to cases which have analyzed identical language in other Texas statutes. Because the language is the same, the State uses the cases for instructive purposes. In one instance, this Court interpreted the exact same language contained in article 1.14(b) of the Texas Code of Criminal Procedure.[2] *See State v. Turner*, 898 S.W.2d 303 (Tex.Crim.App.1995), *overruled on other grounds, Proctor v. State*, 967 S.W.2d 840 (Tex.Crim.App.1998). In *Turner*, on "the day of trial," the defendant filed a motion to dismiss the indictment, claiming it was barred by the statute of limitations. *Id.* at 306. The trial court granted the defendant's motion and, as a result, the case did not go to trial that day. The court of appeals affirmed. This Court reversed, stating that "[b]y waiting until *the day of trial*" to object to the indictment, the defendant had waived his right to complain and the motion to dismiss the indictment was untimely. *Id.* (emphasis added).

The State insists that since the Court in *Turner* declared the defendant's motion untimely because it was made on "*the day of trial*," and since the motion was made on the date the case was *set* for trial but before anything had occurred to "begin" the trial, the language in the statute must mean that the motion needs to be filed before the date on which the case is *set* for trial. We disagree with the State's interpretation of *Turner*. In an important footnote, the majority in *Turner* responded to Judge Baird's dissent which asked the majority to determine when "trial on the merits commences." 898 S.W.2d at 310 (Baird, J. dissenting) ("Because the Legislature did not define when 'trial on the merits commences,' it is incumbent upon us to determine what constitutes trial on

**2.** Article 1.14(b) states, in relevant part: "If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information *before the date on which the trial on the merits commences*, he waives and forfeits the right to object...." TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.2003) (emphasis added). Although article 1.14(b) refers to an "indictment or information" (instead of a "charging instrument" in article 45.019(f)), the distinction is irrelevant. *See Sanchez*, at 704, n. 5 (James, J., dissenting).

the merits in determining whether appellee's motion was timely"). In that footnote, the majority pointed out that neither of the parties raised the issue of when "trial on the merits commences," and the Court explicitly stated that it "[does] not address issues that are not addressed by the Court of Appeals or raised by the parties." *Id.* at 306, n. 4. Furthermore, the majority stated that the "Court of Appeals *assumed* that the day of trial was the date on which appellee's motion to dismiss was filed [and that] *[n]either party dispute[d] the Court of Appeal's assumption* as to the date of trial or contend[ed] that this was not 'the date on which the trial commenced' for purposes of article 1.14(b)." *Id.* (emphasis added) (citations omitted). Thus, we decline to say the Court was implying that a motion to quash must be made before the date the cause is *set* for trial. If the Court was indeed deciding when "trial on the merits" commences, why would the Court respond in such a way to a dissent that alleged it had not answered the important issue? If any type of conclusion can be drawn from the footnote, we are inclined to believe that the Court was specifically pointing out that it did not decide the issue of "when trial on the merits commences" because the issue was not contested or raised. Therefore, *Turner* is unhelpful in our decision today.

The Court of Appeals' dissent cites to another case which it deems instructive. *See Sanchez,* at 706 (James, J., dissenting), citing *Sodipo v. State,* 815 S.W.2d 551, 552 (Tex.Crim.App.1990), *opinion on rehearing* at 1991 Tex.Crim.App. LEXIS 126 (June 12, 1991). In *Sodipo,* on "the day of trial," but prior to jury selection, the State moved to amend the indictment under article 28.10(a) of the Texas Code of Criminal

Procedure.[3] 815 S.W.2d at 552. The trial court allowed the amendment and proceeded with trial that day. *Id.* at 553. On rehearing, this Court noted that "neither Section (a) or (b) [of article 28.10] addresses an indictment amendment on the date of trial prior to the commencement of trial on the merits" and concluded that "the State was not permitted to amend the ... indictment on the date of trial prior to the trial on the merits commencing." *State v. Sodipo,* 1991 Tex.Crim.App. LEXIS 126 at *2,4 (Tex.Crim.App.1991). Justice James, in his dissenting opinion in *Sanchez,* attempts to convince us that by holding that the trial court should have denied the motion *"when faced* with [it]," the *Sodipo* Court of Appeals was saying that the motion must have been filed *before* the date of trial, whether or not the trial actually commenced on that day. *Sanchez,* at 706. In other words, Justice James insists that the Court considered the motion to be untimely even before the trial court had decided to commence the trial on that day. He further declares that impaneling the jury was not "core" to the Court's decision. *Id.* But the Court's entire discussion pertains to a motion being made "on the date of trial *prior to the commencement of trial on the merits."* *State v. Sodipo,* 1991 Tex. Crim.App. LEXIS 126 at *1 (emphasis added). That suggests two things: 1) the Court did not equate the date set *for* trial with commencement of trial, and 2) the Court did not interpret the phrase "before the date on which the trial on the merits commences" in article 28.10 to mean that the motion must be filed before the day on which the case was *set* for trial, as the State suggests. If the Court had construed the phrase in such a manner, then why would it articulate the issue as deter-

---

3. Article 28.10 states, in relevant part: *"... a* matter of form or substance may be amended at any time *before the date the trial on the* *merits commences."* TEX.CODE CRIM. PROC. ANN. art. 28.10 (Vernon 2002) (emphasis added).

mining the timeliness of a motion "on the date of trial *prior to the commencement of trial on the merits* [?]" *Id.* at *3 (emphasis added). And, *Sodipo* is distinguishable in another way: There, after the motion was made, but on the same day, the jury was impaneled and the trial *actually commenced*, unlike in the case at hand. 815 S.W.2d at 553; *see Sanchez*, at 701 (there is no indication, and the State did not argue, that any steps were taken to commence trial on the merits).

**Absurd Results**

The State maintains that applying the statute's plain meaning will lead to absurd results the Legislature could not possibly have intended. First, the State comments that applying the statute's literal text causes the timeliness of a motion to quash to be determined by subsequent events: If the court grants the motion to quash, the motion is timely because the trial will start at a later date; but, if the court denies the motion to quash and trial commences on that day, then the defendant's motion is untimely (after the fact) because it will not have been made on the day before trial commenced. The State is correct. But, as Appellee notes, a case may be set for trial numerous times. As such, under the State's proposed interpretation, if the case is re-set, the defendant is likewise uncertain as to when will be the particular day before which he must object for the motion to be timely. Therefore, the defendant faces an amount of uncertainty in either situation. Using the plain meaning of the statute, the defendant would still be aware

that if the case goes to trial on the set date, then a motion on that date would be too late. Hence, he is on notice that he is taking a risk by objecting on that day. We decline to say that the Legislature could not have intended such a meaning.

Second, the State argues that applying the plain meaning of the statute encourages sandbagging, giving the State no notice and no opportunity to correct the error before trial. The State cites *Van Dusen v. State*, 744 S.W.2d 279 (Tex.App.Dallas 1987), in support of this concern. In *Van Dusen*, the defendant complained of the information for the first time on the day of trial.[4] The court of appeals analyzed article 1.14(b) of the Texas Code of Criminal Procedure and determined that the purpose of the statute was to eliminate sandbagging and to allow the State to correct defective indictments before a cause commences in the trial court. *Id.* at 280. But as the Court of Appeals and Appellee both note here, the State is not ambushed if the defendant chooses to wait until the day the case is set for trial to make his motion to quash. *See Sanchez*, at 700-701. Instead, the State has two options if the motion is heard and granted. It can: 1) appeal the ruling under article 44.01(a)(1) of the Texas Code of Criminal Procedure, or 2) refile the complaint. *Id.* In effect, the judge has the ability to "ensure the complaint is not defective prior to trial." *Id.* These two options protect against the defendant sandbagging the State.

---

4. It is worth noting that the State had announced "ready" on January 27, 1986, but the case "did not come to be heard" until February 13, 1987. *Van Dusen*, 744 S.W.2d 279. The court did not distinguish between the date *set* for trial and the date trial *commenced* when it said the motion was made on "the day of trial." But the court did cite to *Aylor v. State*, 727 S.W.2d 727 (Tex.App.-Austin 1987, no writ), saying that a defendant waives his right to object to a defective indictment if it is "not objected to before the date on which the trial on the merits commences." 744 S.W.2d at 280 (citing *Aylor*, 727 S.W.2d at 730). Clearly then, the court did not consider the announcement of "ready" on January 27, presumably the date the case was *set* for trial, as the *commencement* of the trial on the merits.

The State would like us to hold that the Legislature could not have intended the phrase "trial on the merits" to be applied literally because such an interpretation would cause absurd results. Instead, the State wants us to conclude that even though the Legislature used the particular phrase "trial on the merits," the only reasonable interpretation of the statute would be to add the words *set* or *scheduled*, so that the statute would essentially read, "... on the day before the trial on the merits is *set* to commence." We cannot agree with the State. The phrase "trial on the merits" is a term of art that specifies a "distinct phase late in a criminal proceeding." *See Tigner v. State*, 928 S.W.2d 540, 544 (Tex.Crim.App.1996); *see also Turner*, 898 S.W.2d at 310 (Baird, J., dissenting) ("[T]he phrase 'trial on the merits' designates the stage of trial where the substantive facts of the case are presented to the factfinder"). We have found no persuasive precedent that equates the phrase "trial on the merits" with the date a case is set for trial in this context. But we have found many court of appeals cases standing for the proposition that "trial on the merits" begins when the jury is impaneled and sworn. *See Hinojosa v. State*, 875 S.W.2d 339, 342 (Tex.App.Corpus Christi 1994, no pet.) ("We hold that [, for purposes of article 28.10,] trial on the merits commences at the time that the jury is impaneled and sworn, i.e., at the same time that jeopardy attaches"); *Westfall v. State*, 970 S.W.2d 590, 592 (Tex.App.Waco 1998, pet. ref'd) (For purposes of article 28.10, trial on the merits commences at the same time jeopardy attaches—when the jury is impaneled and sworn); *Thornton v. State*, 957 S.W.2d 153, 156 (Tex.App.Ft. Worth 1997, *aff'd*, 986 S.W.2d 615 (Tex.Crim.App. 1999)) (For purposes of Texas Penal Code article 3.02, trial begins when jeopardy attaches, in other words, when the jury is impaneled and sworn); *Carpenter v. State*, 952 S.W.2d 1, 6 (Tex.App.—San Antonio 1997) (For purposes of article 28.10, "trial 'commences' at the same point that double jeopardy attaches—that is, on the day the jury is sworn"); *Dixon v. State*, 932 S.W.2d 567, (Tex.App.Tyler 1995, no pet.) (Regarding article 28.10, "trial on the merits commences" when the jury is impaneled and sworn); *Garcia v. State*, 928 S.W.2d 666 (Tex.App.Corpus Christi 1996, no pet.) (Trial on the merits commences when the jury is selected and sworn).

In the case *Sanders v. State*, 978 S.W.2d 597 (Tex.App.Tyler 1997, pet. ref'd), the State twice moved to amend the indictment on the date the case was set for trial pursuant to article 28.10. *Id.* at 598. The trial court granted both of the State's motions. Appellant requested and received a ten-day continuance, and a jury was not selected until after that ten-day period. The court held that trial on the merits therefore had not commenced on that date. *Id.* In *Carpenter*, another article 28.10 case, the State moved to amend the indictment on the day that trial was "scheduled to start," even though the case did not go to trial that day. The defendant wanted the court to construe "date" in article 28.10 to mean "the day the trial is scheduled to start," as the State asks us to do here. *Id.* at 16. The court in *Carpenter*, however, was "not persuaded," and we are similarly not persuaded today. *Id.* at 16–17.

In *Turner*, the Court stated that article 1.14(b) "means what it says." 898 S.W.2d at 306. We likewise agree that article 45.019(f) means what it says. If the Legislature wanted the statute to mean that a defendant must make a motion to quash before the date on which the cause was *set* for trial, it could simply have said so, as it did in articles 28.01 and 46.03 of the Texas

Code of Criminal Procedure.[5]  Instead, the Legislature chose a term of art tied to a specific meaning.  And although some negative implications may result from the application of the statute's plain text, we cannot say that the results are so absurd that the Legislature could not have intended it to be interpreted as such.  Consequently, we disagree with the State's suggestion that "before the date on which *trial on the merits commences*" should mean, essentially, "before the date on which the case is *set* for trial."  Article 45.019(f) means what it says, that a party can move to quash a charging instrument at any time prior to the day on which the trial on the merits commences.[6]  We therefore affirm the Court of Appeals.

KEASLER, and HERVEY, JJ., concurred.

PRICE, J., filed a dissenting opinion.

WOMACK, J., dissented without opinion.

PRICE, J., dissenting.

Code of Criminal Procedure Article 45.019(f) says that a defendant must object to any defects in a charging instrument filed in a justice or municipal court "before the date on which the trial on the merits commences."  I understand the majority to say that, when Article 45.019(f) is read according to its plain meaning, the language quoted above refers to the date on which the trial *actually* begins.  I also understand the majority to conclude that this does not produce an absurd result.

I cannot agree with the majority's second conclusion.  As a result, I respectfully dissent.

The majority's construction of Article 45.019(f) will render the subsection meaningless if a trial court sustains the objection and quashes the charging instrument.[1]  If the objection is sustained and thus, the trial does not commence, then it will not matter on what date the objection was raised.  Thus, the Article's time bar is meaningless in that situation.  I can think of no other instance in criminal law where a ruling on the merits can render an objection timely or not.

It is odd to assume that a trial will not commence on the date it is set for trial.  Although trials are often reset, parties generally show up on the date trial is set prepared to begin.

I want to add a word of caution to criminal defendants.  If a defendant files an objection to the charging instrument on the date that the trial is set, he will be not be allowed to appeal a trial court's overruling of the objection if the trial actually begins on that date.

Because the majority's construction of Article 45.019 produces absurd results, I respectfully dissent.

---

**5.**  Article 28.01 says that a court can set a criminal case for a pre-trial hearing "before it is *set for trial* upon its merits."  Tex.Code Crim. Proc. Ann. art. 28.01(1) (Vernon 2002) (emphasis added).  Article 46.03 states that a defendant must file a notice of intent to offer evidence of the insanity defense "at least 10 days prior to the date the case is *set for trial*." *Id.* at. art. 46.03(2)(a)(1) (emphasis added).

**6.**  This opinion is not intended to indicate at exactly which point trial on the merits com-

mences for the purposes of this statute.  Rather, the opinion merely expresses that trial on the merits, under Article 45.019(f), does not necessarily commence on the date the case is set for trial.

**1.**  I assume it would be the same for Article 1.14, which deals with objections to charging instruments in district or county courts, because the language is identical.