In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00036-CR
______________________________


TIMOTHY SHAUN FORD, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 29831-B


                                                 



Before Morriss, C.J., Carter and Hadden*, JJ.
Memorandum Opinion by Chief Justice Morriss
*Roby Hadden, J., Sitting by Assignment

MEMORANDUM OPINION

            Within five weeks of being placed on community supervision for the state jail felony of
possessing a small quantity of cocaine,


 Timothy Shaun Ford violated a term of his community
supervision by, he admits, using marihuana. The trial court revoked his community supervision and
assessed Ford's sentence at one year's confinement. In a single point of error, Ford argues the trial
court abused its discretion by revoking his community supervision instead of continuing supervision
and requiring him to complete drug treatment as described in Article 42.12, Section 15(c)(2)  of  the
Texas  Code  of  Criminal  Procedure.  See  Tex.  Code  Crim.  Proc.  Ann.  art. 42.12, § 15(c)(2)
(Vernon Supp. 2004–2005).


 We disagree and affirm the trial court's judgment.
            Ford's contention that the trial court was required to order drug treatment rather than
confinement is based on Article 42.12, Section 15(c)(2) of the Texas Code of Criminal Procedure,
which states,
Except as otherwise provided by Subdivision (3), a judge who places a defendant on
community supervision for an offense listed in Subsection (a)(1) shall require the
defendant to comply with substance abuse treatment conditions that are consistent
with standards adopted by the Texas Board of Criminal Justice under Section
509.015, Government Code.
 
Id. The statutory language "shall require" makes the substance abuse treatment provision a
mandatory condition of community supervision, unless the trial court finds, as set out by subdivision
(3), that the defendant will be able to successfully complete community supervision without such
treatment. See Tex. Code Crim. Proc. Ann. art. 42.12, § 15(c)(3) (Vernon Supp. 2004–2005).


 
But does Section 15(c)(2) apply when terms of community supervision are allegedly violated, as is
asserted by Ford? We conclude it does not.
            "The overall goal when interpreting a statute is to give effect to the collective intent or
purpose of the Legislature that enacted the Statute." Sanchez v. State, 138 S.W.3d 324, 325 (Tex.
Crim. App. 2004). "To do so, one must focus on the literal text of the statute and try to discern the
fair, objective meaning of that text." Id. With these principles in mind, we turn to the statute at issue
in this case.
            Article 42.12 of the Texas Code of Criminal Procedure deals generally with community
supervision, and Section 15 of that article governs various aspects of community supervision for
those accused of state jail felonies. In the overall scheme of Section 15, subsections (a)–(d),
encompassing subsection (c), seem to speak of initially placing a defendant on community
supervision; subsections (e) and (f), on the other hand, clearly govern what happens when he or she
has violated the terms of community supervision.
            Section 15(c)(2) speaks of placing a defendant on community supervision and makes no
reference to modification or revocation of community supervision. And we can find no other
provision of Article 42.12 that requires a trial court to send a defendant to a drug treatment program
in lieu of revocation. For example, Section 22(a) employs the permissive "may impose" in
discussing the modification or continuation of community supervision. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 22(a) (Vernon Supp. 2004–2005). Yet, Section 22(a) does not mandate that the
trial court impose any specific conditions if the court modifies or continues community supervision.
            Outside of Section 15, the only time Article 42.12 requires a trial court to place a defendant
in drug treatment as a condition of community supervision is when the trial court sends a defendant
to a substance abuse felony punishment program (SAF-P). In such situations, the trial court must
also require the defendant "to participate in a drug or alcohol abuse continuum of care program," but
even then such participation is required only if the defendant first successfully completes SAF-P. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 22(b) (Vernon Supp. 2004–2005).
            In the case before us, the trial court neither modified nor continued Ford's community
supervision; it revoked it.
If a defendant violates a condition of community supervision imposed on the
defendant under this article and after a hearing under Section 21 of this article the
judge revokes the defendant's community supervision, the judge shall dispose of the
case in the manner provided by Section 23 of this article.
 
Tex. Code Crim. Proc. Ann. art. 42.12, § 15(f)(1) (Vernon Supp. 2004–2005). Once community
supervision has been revoked, Section 23 does not authorize the trial court to continue or modify a
defendant's community supervision. Instead, the trial court must proceed "as if there had been no
community supervision . . . ." Tex. Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp.
2004–2005). Section 23(a) provides that the trial court should impose either the original sentence
or a lesser sentence. Id. Nothing in Section 23 requires the trial court to send a defendant to drug
treatment in lieu of revocation.
            We hold Section 15(c)(2) does not support Ford's position that the trial court was required
to modify his community supervision for drug treatment in lieu of revoking Ford's community
supervision. Therefore, the trial court did not abuse its discretion by imposing the original
punishment rather than ordering drug treatment.
 
 
 
 
 
            We affirm the trial court's judgment.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 10, 2004
Date Decided:             November 30, 2004

Do Not Publish