COURT OF APPEALS















COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

CARLOS ESTRADA,                                           )

                                                                              )              
No.  08-04-00365-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
168th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20040D00820)

                                                                              )

 

 

O
P I N I O N

 

Carlos Estrada
appeals from his felony conviction for driving while intoxicated (ADWI@).   In one issue, Appellant claims that the
trial court erred by incorrectly applying a prior felony conviction pursuant to
Tex.Pen.Code Ann. ' 12.42(d).  We affirm.

On the evening of
January 20, 2004, Mr. and Mrs. Hermosillo and their two children were returning
from a dentist in Juárez, Mexico.  The Hermosillos first noticed Appellant=s Mazda pickup truck while waiting to
cross the Cordova International Bridge
from Juárez, Mexico
into El Paso, Texas. 
Afterwards, driving on Highway 54 North, Mrs. Hermosillo again
encountered Appellant Azigzagging@ in his lane.  Mrs. Hermosillo passed Appellant in order to
avoid an accident and exited the highway.








After exiting, the
Hermosillos stopped at an intersection, and their car was then struck from the
rear by Appellant.  Mrs. Hermosillo
described the accident as Aminor.@ 
Mrs. Hermosillo exited her vehicle in order to speak with Appellant
and when she reached his driver=s
side window, she noticed a strong odor of alcohol.  According to Mrs. Hermosillo, Appellant
claimed that he did not hit her car and asked to leave.

Mrs. Hermosillo=s daughter called the police from a
cellular phone borrowed from a bystander. 
Officers Jerry Obttande and Daniel Gomez responded to the call.  According to Officer Gomez, Appellant
admitted drinking a six-pack of beer. 
Appellant did not perform any of the field sobriety tests nor did he
take a breath test.

Appellant was
subsequently indicted for the offense of DWI, third or more.  The indictment included four paragraphs
asserting that Appellant had six prior convictions:  (1) a conviction in cause number 960D06732
for DWI, subsequent; (2) a conviction in cause number 900C14105 for DWI; (3) a
conviction in cause number 900C08720 for DWI; (4) a final conviction in cause
number 20010D06376 for felony DWI; (5) a final conviction in cause number
990D01538 for felony DWI; and (6) a final conviction in cause number 74396 for
felony DWI.[1]








Appellant pleaded
not guilty to the indictment and a trial was held on the merits.  On the date set for jury selection, Appellant
filed an original motion to quash the indictment and a hearing was held prior
to voir dire being conducted.  On
the day of trial and after a jury was empaneled and sworn, Appellant filed an
amended motion to quash the indictment. 
During jury deliberations, the trial court addressed Appellant=s amended motion to quash.  After hearing arguments from both counsel for
Appellant and the State, the trial court denied Appellant=s motion.  The jury returned a verdict finding Appellant
guilty.

Appellant elected
to be sentenced by the trial court.  The
State presented evidence that Appellant was the person convicted of the
offenses stated in the paragraphs of the indictment alleging two prior final
convictions for felony DWI.  The trial
court found the enhancement paragraphs true.[2]  Appellant was then sentenced to thirty years= confinement in the Institutional
Division of the Texas Department of Criminal Justice and this appeal followed.

Standard
of Review

We review a trial
court=s ruling
on a motion to quash an indictment for abuse of discretion.  Thomas v. State, 621 S.W.2d 158, 163
(Tex.Crim.App. 1981); State v. Goldsberry, 14 S.W.3d 770, 772 (Tex.App.‑-Houston
[1st Dist.] 2000, pet. ref=d).  An abuse of discretion occurs when a trial
court=s
decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.  Montgomery v.
State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990).








A person commits
the misdemeanor offense of DWI if he is intoxicated while operating a motor
vehicle in a public place.  See Tex.Pen.Code Ann. ' 49.04(a)(Vernon 2003).  However, DWI is a third‑degree felony
if the State proves during the guilt/innocence phase of trial that the person
has two prior DWI convictions.  Tex.Pen.Code Ann. ' 49.09(b)(2).  Additionally, a defendant charged with
committing a felony DWI faces a punishment range of not less than twenty-five
years nor more than ninety-nine years if previously convicted of two prior
felony offenses and the second previous felony conviction is for an offense
that occurred subsequent to the first previous felony conviction becoming
final.  Tex.Pen.Code
Ann. ' 12.42(d)(Vernon Supp. 2006).

In his sole issue,
Appellant argues the trial court erred in overruling his amended motion to
quash because a nunc pro tunc judgment was entered amending the days
credited in cause number 990D01538. 
According to Appellant, because of the nunc pro tunc judgment,
his conviction in cause number 990D01538 did not become final until May 18,
2002, the date the nunc pro tunc judgment was entered of record.  Consequently, the second felony offense in
cause number 20010D06376, which occurred on November 30, 2001, did not occur
subsequent to the finalization of his first felony conviction as required by Tex.Pen.Code Ann. ' 12.42(d).  The State responds that Appellant has waived
his complaint because his objection on appeal does not comport with his
objection at trial.

The State directs
our attention to an earlier filed motion to quash which was overruled by the
trial court as support for its waiver argument. 
The State argues Appellant only Aobjected
to the enhancement paragraphs on the basis that none of the cases used for
enhancement, including 990D01538, were final convictions.@ 
We point out Appellant=s
argument focuses on a subsequently filed amended motion to quash.  A hearing was held on the amended motion to
quash and the trial court denied Appellant=s
motion.








To be considered
timely, a motion to quash must be filed before the date on which a Atrial on the merits commences.@ 
Tex.Code Crim.Proc.Ann. ' 1.14(b)(Vernon 2005); see also
State v. Turner, 898 S.W.2d 303, 306 (Tex.Crim.App. 1995), overruled on
other grounds, Proctor v. State, 967 S.W.2d 840 (Tex.Crim.App.
1998)(holding Article 1.14 Ameans
what it says@ and a
motion to quash must be filed before date on which trial on the merits
commences).  A trial on the merits Acommences@
when a jury is impaneled and sworn.  See
Sanchez v. State, 138 S.W.3d 324, 329 (Tex.Crim.App. 2004)(interpreting an
analogous provision of Texas Code of Criminal Procedure Article 49.019(f) and
holding that a trial Acommences@ when a jury is empaneled and
sworn).  Ordinarily, if a defendant does
not object to a defect, error, or irregularity of form or substance in an
indictment or information before the date on which a trial on the merits
commences, he waives and forfeits the right to object to the defect, error, or
irregularity and he may not raise the objection on appeal or in any other
post-conviction proceeding.  Tex.Code Crim.Proc.Ann. art. 1.14(b).

Here, Appellant
filed his original motion to quash on November 12, 2004, the same day voir
dire was scheduled to be conducted. 
Appellant argued that cause numbers 20010D06376 and 990D01538 were not
final convictions generally and Athus
not available for enhancement purposes under '
12.42(d).@  A hearing was held on Appellant=s motion.  At the hearing, trial counsel actually agreed
that the conviction in cause number 990D01538 was Aokay.@ 
Immediately after the hearing, voir dire was conducted and a jury
was empaneled and sworn.

Appellant was in a
precarious position as a result of filing his original motion to quash on the
day the jury was empaneled and sworn. 
This is because the timeliness of his motion to quash would be
determined by the trial court=s
ruling.  See Sanchez, 138 S.W.3d
at 328.  If the trial court granted his
motion, then it would be considered timely because the trial would Acommence@
at a later date.  See id.  However, if the trial court denied his motion
to quash and a trial on the merits commenced (i.e., a jury was empaneled and
sworn), his motion would be untimely.  See
id.








On November 15,
2004, the day of trial and approximately three days after the jury was
empaneled and sworn, Appellant filed an amended motion to quash.  In his amended motion to quash, Appellant
attempted to broaden his attack by arguing that even though the conviction in
cause number 990D01538 was final, it did not become final until the nunc pro
tunc judgment was entered and therefore the requirements of Article
12.42(d) were not met.  In substance,
Appellant raised a new and distinct complaint. 
Because Appellant filed his amended motion to quash after a trial on the
merits had commenced, it was untimely.  See
Tex.Code Crim.Proc.Ann. art.
1.14(b).

Regardless, the
crux of Appellant=s
complaint is that the date a nunc pro tunc judgment was entered controls
and Asupercedes
all other dates and . . . is the last date to be recognized.@ 
We do not agree with Appellant=s
assertion.  Appellant directs our
attention to the case of Stonedale v. Stonedale, 401 S.W.2d 725, 727
(Tex.Civ.App.--Corpus Christi 1966, no writ) as support for his argument that
cause number 990D01538 did not become final until the date the nunc pro tunc
judgment was entered.  Generally, it is
true that when a nunc pro tunc judgment is entered in a civil case, the
time for appeal runs from the date the trial judge signs the nunc pro
tunc order.[3]  Id.  However, even in a civil case, a judgment nunc
pro tunc relates back to the date of the original judgment and is effective
as of the earlier date.  Daniels v.
Commission for Lawyer Discipline, 142 S.W.3d 565, 573 (Tex.App.‑-Texarkana
2004, orig. proceeding).








Despite Appellant=s assertion to the contrary, when a
judgment nunc pro tunc is entered in a criminal case to correct the
written record, its force and effect relates back to the date the original
judgment was pronounced.  See Jones v.
State, 795 S.W.2d 199, 200 n.1 (Tex.Crim.App. 1990); Ex parte Curry,
712 S.W.2d 878, 880 (Tex.App.‑‑Austin 1986, no pet.).  In this case, the sentence was imposed in
cause number 990D01538 on September 23, 1999, and the judgment was signed by
the trial court on September 30, 1999. 
The nunc pro tunc judgment amending the days credited from two
days to ninety days was entered in 2002. 
The nunc pro tunc judgment relates back to the original judgment
in cause number 990D01538 and is effective as of that date.  The offense in cause number 20010D06376
occurred on November 30, 2001. 
Therefore, the conviction in cause number 990D01538 was final prior to
the commission of the offense in cause number 20010D06376.  See Tex.Pen.Code
Ann. '
12.42(d).  Consequently, the trial court
did not abuse its discretion in denying Appellant=s
amended motion to quash.  Appellant=s sole issue is overruled.

Accordingly, we
affirm the trial court=s
judgment.

 

 

August
10, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
The State agreed to withdraw this conviction.





[2]
Appellant stipulated to cause numbers 960D06732 and 900C14105.





[3]
Appellant fails to distinguish between a judgment nunc pro tunc entered
within the courts plenary power and a judgment nunc pro tunc entered
after the expiration of the courts plenary power.  When a trial court enters judgment nunc
pro tunc after the expiration of its plenary power, only those issues that
could not have been brought in an appeal from the original judgment may be
raised.  Tex.R.Civ.P. 329b(h).