**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00569-CR**
_____

**WILLIAM JOSEPH LEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-09-10178 CR**

**MEMORANDUM OPINION**

A jury convicted William Joseph Lee of failure to register as a sex offender. The trial court found two enhancement paragraphs to be "true" and sentenced Lee to thirty-six years in prison. In two appellate issues, Lee contends that (1) the statute of limitations had run for failure to register as a sex offender; and (2) the trial judge who assessed punishment missed part of the trial and failed to review the record from the missed proceedings. We affirm the trial court's judgment.

1

## Statute of Limitations

In issue one, Lee contends that his prosecution for failure to register as a sex offender is barred by the three-year statute of limitations. If the defendant fails to object to the indictment "*before* the date on which the trial on the merits commences," (emphasis added) the complaint is waived and may not be raised on appeal. Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005). A "'trial on the merits' begins when the jury is impaneled and sworn." *Sanchez v. State*, 138 S.W.3d 324, 329 (Tex. Crim. App. 2004). In this case, on the same day that the jury was empaneled and sworn, Lee moved to quash the indictment on statute of limitations grounds. Thus, Lee waived his complaint and we overrule issue one. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b); *see also Ex parte Heilman*, 456 S.W.3d 159, 168 (Tex. Crim. App. 2015) (A limitations defense is a forfeitable right.); *Sanchez*, 138 S.W.3d at 329.

## Punishment

In issue two, Lee complains that the trial court failed to consider all the evidence when assessing punishment. According to the record, Lee collapsed during his testimony at the guilt/innocence phase of trial. Lee's counsel objected to a continuance and sought a mistrial. The Honorable P.K. Reiter informed the parties that the Honorable Lisa Michalk could complete the trial. Lee argued that

changing judges would be unduly prejudicial because he chose to have Judge Reiter assess punishment and would have wanted the jury to assess punishment had he known Judge Michalk would be presiding. Judge Reiter recessed the trial and agreed to preside over the punishment phase. In response to Lee's concerns that he would miss the remainder of Lee's testimony, Judge Reiter stated that he could read a transcript of the testimony.

During punishment, Judge Reiter stated that he would consider all the evidence that he heard "to the point to which [Lee] fell out on the afternoon of October 9th[.]" Lee testified at length during the punishment phase of trial. The record does not indicate that Lee objected to Judge Reiter presiding over the punishment phase or to Judge Reiter's comment regarding which evidence he intended to consider. Having failed to make a timely and specific objection, Lee has failed to preserve issue two for appellate review and we overrule it. *See Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009) ("A specific objection is necessary to inform the trial judge of the issue and basis of the objection, and to allow the judge a chance to rule on the issue at hand."); *see also* Tex. R. App. P. 33.1(a)(1)(A). We affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 18, 2015
Opinion Delivered May 27, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.