

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00019-CR

———————————————

THE STATE OF TEXAS

V.

RAUL CORTEZ, Appellee

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1470860D

---

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

In two issues, Appellant the State of Texas appeals the trial court's granting of Appellee Raul Cortez's motion to set aside an indictment charging him with felony nonlivestock animal cruelty. In two issues, the State asserts that:

- the trial court erred when it granted Cortez's motion to set aside the indictment because the motion was untimely filed on the day of the trial; and

- alternatively, if Cortez's motion to set aside the indictment was timely, the trial court erred when it granted his motion because the indictment sufficiently charged him with felony animal cruelty.

Because we hold that the indictment sufficiently charged Cortez with felony animal cruelty, we reverse the trial court's decision.

## BACKGROUND

### A. Cortez Is Indicted for Cruelty to Nonlivestock Animals.

On October 28, 2016, the State filed an indictment against Cortez alleging in one count that he had "recklessly cause[d] unjustifiable pain or suffering to an animal, to-wit: a dog." The indictment further alleged that Cortez, while intoxicated, had taken the dog "for a walk on a hot day with a weather temperature of over ninety degrees and failed to provide adequate rest, shade[,] and water for said dog."

The indictment also provided a "state jail felony enhancement—2nd degree felony notice" regarding punishment alleging that "prior to the commission of the state jail felony offense or state jail felony offenses set out above," Cortez had two final, successive convictions: one for possession of a controlled substance

2

(amphetamine) with intent to deliver and one for possession of a controlled substance (methamphetamine) with intent to deliver.

## B.    The Trial Court Sets Aside the Indictment.

The case was set for trial on January 2, 2018.  That day, Cortez filed a motion to set aside the indictment on the ground that it "does not set forth a specific felony offense in plain and intelligible words as required by Tex. Code Crim. Pro. Ann. art. 21.02."  He asserted that "[t]he indictment attempts to allege an offense of animal cruelty, but combines the language for a State Jail Felony and a Class A misdemeanor," and "[t]he Court lacks jurisdiction to hear the merits of this case due to the State alleging the language that defines a[] Class A Misdemeanor charge of animal cruelty."

At a hearing on his motion to set aside the indictment, Cortez argued that the indictment charges a "misdemeanor on its face. . . .  [T]here's no allegation of torture or death or causing serious bodily injury to the animal in this case, based on the face of the Indictment."  The State argued that the misdemeanor offense required only proof of failing to provide food, shelter, and shade, but the felony offense required an additional showing of recklessly causing pain or suffering, "which is the definition of torture," and because the indictment includes an allegation of unjustifiable pain and suffering, it alleges torture and thus alleges a felony offense.

At the end of the hearing, the trial court granted Cortez's motion to set aside the indictment.  The State timely appealed the trial court's ruling.

3

## DISCUSSION

### A. The Motion to Set Aside the Indictment Was Timely Filed Before Trial on the Merits Commenced.

In its first issue, the State contends that the trial court erred when it granted Cortez's motion to set aside the indictment because the motion was untimely filed on the day the trial was set. We disagree.

We begin our analysis by turning to the text of Article 1.14(b) of the Texas Code of Criminal Procedure, the statute governing objections to a charging instrument. That statute provides: "[I]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which **the trial on the merits commences**, he waives and forfeits the right to object to the defect, error, or irregularity. . . ." Tex. Code. Crim. Proc. Ann. art. 1.14(b) (West 2005) (emphasis added); *cf. Gustafson v. Alloyd Co.*, 513 U.S. 561, 584, 115 S. Ct. 1061, 1074 (1995) (Thomas, J., dissenting) ("[T]he starting point in every case involving construction of a statute is the language itself.").

The unequivocal language of Article 1.14(b) requires a defendant to raise an objection to the indictment before the day on which trial on the merits **commences**. It is well-settled that a trial on the merits "commences" when a jury is impaneled and sworn. *See Sanchez v. State*, 138 S.W.3d 324, 329 (Tex. Crim. App. 2004) (interpreting an analogous provision, Texas Code of Criminal Procedure Article 49.019(f), and holding that a trial commences when a jury is impaneled and sworn); *see also McCoslin*

4

*v. State*, No. 14-17-00489-CR, 2018 WL 4137052, at *2 (Tex. App.—Houston [14th Dist.] Aug. 28, 2018, pet. filed) (holding that trial on the merits commences for purposes of Article 1.14(b) when the jury is impaneled and sworn); *Parker v. State*, No. 09-16-00061-CR, 2017 WL 1424946, at *3 (Tex. App.—Beaumont Apr. 19, 2017, no pet.) (mem. op., not designated for publication) (holding that a motion to quash an indictment filed on the same day that jury was impaneled and sworn was untimely); *White v. State*, No. 12-07-00025-CR, 2007 WL 2447235, at *1 (Tex. App.—Tyler Aug. 30, 2007, no pet.) (mem. op., not designated for publication) ("A trial on the merits commences at the time the jury is impaneled and sworn."); *Estrada v. State*, No. 08-04-00365-CR, 2006 WL 2328486, at *2 (Tex. App.—El Paso Aug. 10, 2006, pet. ref'd) (not designated for publication) ("A trial on the merits 'commences' when a jury is impaneled and sworn."); *accord Crist v. Bretz*, 437 U.S. 28, 38, 98 S. Ct. 2156, 2162 (1978) (explicitly holding that under the United States Constitution, double jeopardy attaches when the jury is impaneled and sworn); *State v. Moreno*, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009) (same). Here, no trial on the merits commenced on the day Cortez filed his motion to set aside the indictment; precisely because the trial court granted Cortez's motion, no jury was ever empaneled or sworn. We therefore hold that his motion was timely. *See Sanchez,* 138 S.W.3d at 329 ("If the Legislature wanted the statute to mean that a defendant must make a motion to quash before the date on which the cause was set for trial, it could simply have said so . . . ."). Thus, our inquiry is complete on this point and we overrule the State's first issue. *See Conn.*

5

*Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S. Ct. 1146, 1149 (1992) ("When the words of a statute are unambiguous, then, the first canon is also the last: 'judicial inquiry is complete.'").

**B.     The Court Erred in Granting the Motion to Set Aside the Indictment Because the Indictment Sufficiently Charged Cortez with Felony Nonlivestock Animal Cruelty.**

In its second issue, the State contends that if we determine that Cortez's motion to dismiss the indictment was timely filed, the trial court erred when it granted Cortez's motion because the indictment sufficiently charged him with felony nonlivestock animal cruelty. We agree.

**(1)     We Review an Indictment's Sufficiency De Novo.**

We review the sufficiency of an indictment de novo. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *Rodriguez v. State*, No. 02-16-00169-CR, 2017 WL 3910979, at *5 (Tex. App.—Fort Worth Sept. 7, 2017, pet. ref'd) (mem. op., not designated for publication). An accused is guaranteed the right to be informed of the nature and cause of the accusations against him in all criminal actions. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). An indictment is sufficient if it "charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give defendant notice of the particular offense with which he is charged." Tex. Code Crim. Proc. Ann. art. 21.11 (West 2009); *see Rodriguez*, 2017 WL 3910979, at *5. It is

6

well established that in most circumstances, a charging instrument possesses sufficient specificity to provide a defendant with notice of a charged offense when it tracks the language of a criminal statute. *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996); *see Rodriguez*, 2017 WL 3910979, at *5.

**(2)    The Indictment Sufficiently Tracks the Nonlivestock Animal Cruelty Felony Statute.**

The nonlivestock animal cruelty statute provides that a person commits a Class A misdemeanor if the person intentionally, knowingly, or recklessly (1) "fails unreasonably to provide necessary food, water, care, or shelter for an animal in the person's custody" or (2) "transports or confines an animal in a cruel manner." Tex. Penal Code Ann. § 42.092(b)(3), (5), (c) (West Supp. 2018). That offense is a state jail felony only if the person has previously been twice convicted under Section 42.092 or under Section 42.09 or has a prior conviction under both sections. *Id.* § 42.092(c).

However, the nonlivestock animal cruelty statute also provides that a person commits a felony if the person intentionally, knowingly, or recklessly "tortures an animal or in a cruel manner kills or causes serious bodily injury to an animal." *Id.* § 42.092(b)(1) (providing the elements of the offense), (c-1).[1]  "'Torture' includes any act that causes unjustifiable pain or suffering." Tex. Penal Code Ann. § 42.092(a)(8).

---

[1] When Cortez was alleged to have committed the offense—"on or about September 9, 2016"—the subsection (b)(1) offense was classified as a state jail felony. Act of May 23, 2007, 80th Leg., R.S., ch. 886, § 2, 2007 Tex. Gen. Laws 2163, 2165 (amended 2017) (current version at Tex. Penal Code Ann. § 42.092(c–1)). That offense is now a third-degree felony. *See* Tex. Penal Code Ann. § 42.092(c-1).

The relevant portions of the indictment against Cortez alleged that he

DID THEN AND THERE RECKLESSLY CAUSE UNJUSTIFIABLE PAIN OR SUFFERING TO AN ANIMAL, TO-WIT: A DOG, BY TAKING SAID DOG FOR A WALK ON A HOT DAY WITH A WEATHER TEMPERATURE OF OVER NINETY DEGREES AND FAILED TO PROVIDE ADEQUATE REST, SHADE AND WATER FOR SAID DOG, WHILE THE SAID DEFENDANT WAS INTOXICATED.

Instructive in our analysis is the holding of the First Court of Appeals in *Dixon v. State*, 455 S.W.3d 669 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). There, as here, the defendant challenged the indictment on the basis that it charged misdemeanor animal cruelty couched as felony animal cruelty under Section 42.092 of the Texas Penal Code. *Id.* at 672. The indictment at issue in *Dixon* charged the defendant with "intentionally, knowingly, or recklessly caus[ing] serious bodily injury and/or kill[ing], in a cruel manner . . . [cats] by failing to provide food and/or water and/or care." *Id.* at 676. Examining this indictment language, the First Court of Appeals held that the indictment "tracked the language of section 42.092(b)(1), which [was then] a state jail felony[;] [a]n indictment that tracks the statutory language proscribing certain conduct is sufficient to charge a criminal offense." *Id.* (citing *Edmond*, 933 S.W.2d at 127). Therefore, the Court determined that because the criminal offenses charged were state jail felonies, not simply misdemeanors, the trial court had jurisdiction over the case. *Id.*

Likewise, in 2016, when Cortez was accused of committing cruelty to nonlivestock animals, a person committed a state jail felony if he recklessly tortured

an animal. Tex. Penal Code Ann. § 42.092(b)(1); Act of May 23, 2007, 80th Leg., R.S., ch. 886, § 2, 2007 Tex. Gen. Laws at 2165; *see Amos v. State*, 478 S.W.3d 764, 767 n.1, 769 (Tex. App.—Fort Worth 2015, pet. ref'd). Here, the indictment alleged that Cortez recklessly caused unjustifiable pain or suffering—that is, tortured—a dog by failing to provide it with adequate rest, shade, and water on an over 90-degree day, giving Cortez adequate notice that he was being charged with felony animal cruelty and sufficiently charging him with a state jail felony. *See* Tex. Penal Code Ann. § 42.092(a)(8), (b)(1); Act of May 23, 2007, 80th Leg., R.S., ch. 886, § 2, 2007 Tex. Gen. Laws at 2165; *Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007); *Edmond*, 933 S.W.2d at 127. The indictment was sufficient to "enable a person of common understanding to know what is meant" and "enable the court, on conviction, to pronounce the proper judgment," giving the trial court jurisdiction over the case. Tex. Code Crim. Proc. Ann. art. 21.11; *see id.* art. 4.05 (West 2015) (providing that district courts have jurisdiction over felony offenses); *see also Dixon*, 455 S.W.3d at 676. Accordingly, we sustain the State's second issue.

## CONCLUSION

Having sustained the State's second issue, we reverse the trial court's order setting aside the indictment and remand this matter for further proceedings.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 8, 2018