Jack Eugene THORNTON, Appellant,

v.

The STATE of Texas.

No. 087–98

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1999.

Ken Mahffey, Austin, for appellant.

Barry S. Green, Dist. Atty., Decatir, Matthew Paul, State's Atty., Austin, for State.

### *OPINION*

PER CURIAM.

Section 3.04(a) of the Penal Code provides that a defendant shall have a right of severance when two or more offenses have been consolidated or joined for trial under V.T.C.A. Penal Code § 3.02.[1] The issue presented in this case is when must a motion to sever be filed to be timely under § 3.04(a).[2]

### I.

Appellant was charged in a single two-count indictment with aggravated sexual assault and indecency with a child. The indictment alleged that both offenses were committed against the same victim on or about

---

1. Section 3.02(a) states:

A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

2. Section 3.04(a) provides:

Whenever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses.

June 16, 1994.[3] Appellant elected to be tried before a jury. After the jury was impaneled and sworn, the trial court started to arraign Appellant on the charges. At this point Appellant asked the court to require the prosecutor to elect on which count Appellant would be prosecuted. The trial court denied the request and arraigned Appellant on both charges. Appellant then asked the court to sever the two separate counts for trial. The trial court denied the motion.

The jury convicted Appellant of both offenses and assessed punishment at confinement for thirty-seven years for the aggravated sexual assault and twenty years for indecency with a child. The Court of Appeals affirmed the convictions. *Thornton v. State*, 957 S.W.2d 153 (Tex.App.—Fort Worth 1997). This Court granted Appellant's petition for discretionary review to consider whether Appellant's motion to sever was timely when made after the jury was impaneled and sworn, but before any issue was joined by Appellant's plea to the indictment before the jury.

## II.

The Court of Appeals held Appellant's motion to sever was untimely because it was made after jeopardy had attached. *Thornton*, 957 S.W.2d at 156. In the absence of any time provision in § 3.04(a) or case law, the court picked that point as determinative of timeliness because at that time a defendant is put to trial before a particular trier of facts, i.e., trial begins. *Id.* at 156. The court reasoned that, generally, a defendant moves to sever joined offenses to avoid the detriment that results when two offenses are tried together. *Id.* at 155. Therefore, "logic dictates that a motion seeking to avoid that detriment must be made, at the latest, prior to trial." *Id.* at 155. According to the Court of Appeals, a trial begins for purposes of § 3.04(a) when jeopardy attaches—when the jury is impaneled and sworn. *Ortiz v. State*, 933 S.W.2d 102, 105 (Tex.Crim.App.1996). Thus, the Court of Appeals held that to be timely a motion for severance must be made

before jeopardy attaches. *Id.* at 156. The court concluded that Appellant's motion for severance was untimely when made after jeopardy had attached.

## III.

Appellant contends the time for assertion of a right should be determined by the nature of the interest protected. A severance protects a defendant's right to be tried for only one offense at a time and, thus, limits the evidence presented to a single charge. Appellant challenges the Court of Appeals' choice of the attachment of jeopardy as the time to present a motion to sever because jeopardy protects different interests. Jeopardy focuses on the particular tribunal that will decide the case, not the establishment of particular facts at issue. Severance limits the initial admissibility of evidence to a single charge. The factual issues are framed by the charging instrument and are not joined until that charging instrument is read to the trier of fact and the defendant pleads to that charge. *Peltier v. State*, 626 S.W.2d 30, 31 (Tex.Crim.App.1981). Thus, Appellant argues that a motion to sever is timely at this point because a defendant is actually "put to trial" before a trier of fact when the issues are joined and the factual questions are established for the trier of fact.

Additionally, Appellant argues that the attachment of jeopardy is not a relevant time for a motion to sever because the act of moving for severance waives the right to assert a double jeopardy claim in a future trial on the severed cause. *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).

## IV.

The Court of Appeals is correct that § 3.04(a) does not establish the timing of a motion to sever; however, other statutory provisions do. Articles 27.02 and 28.01, V.A.C.C.P., provide for the raising and timing of a defendant's pleadings and motions. Article 27.02 is titled "Defendant's pleadings." It states:

---

**3.** Since September 1, 1997, a defendant convicted of specified offenses, including those for which Appellant was convicted, has no right to

mandatory severance. Section 3.04(c). Since Appellant committed the offenses in 1994 he is not affected by these changes.

The pleadings and motions of the defendant shall be:

(1) A motion to set aside or an exception to an indictment or information for some matter of form or substance;

(2) A special plea as provided in Article 27.05 of this code;

(3) A plea of guilty;

(4) A plea of not guilty;

(5) A plea of nolo contendere, the legal effect of which shall be the same as that of a plea of guilty, except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based;

(6) An application for probation, if any;

(7) An election, if any, to have the jury assess the punishment if he is found guilty; and

*(8) Any other motions or pleading that are by law permitted to be filed.* (emphasis added)

Article 28.01 incorporates Art. 27.02 because it addresses when and what should be addressed at a pre-trial hearing. In pertinent part, Art. 28.01 states:

Sec. 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters:

\* \* \*

(2) Pleadings of the defendant.

Additional provisions of Art. 28.01 specify timing and notice for pre-trial hearings.

A motion to sever can be either a pleading or a motion raised by a defendant and permitted by law to be filed. See Art. 27.02(8). Thus, a motion to sever is a "pleading of the defendant" as defined by Art. 27.02(8), and is governed by Art. 28.01.

Furthermore, a defendant's interest in severance is best served by the pre-trial requirement. Therefore, in the absence of a pre-trial hearing under Art. 28.01, a motion to sever must still be raised pre-trial. The primary reason for a defendant to sever offenses is to limit the presentation of evidence of the defendant's wrongdoing to one offense, rather than allowing presentation of evidence of multiple offenses. Generally, it harms a defendant's case if a jury hears of other offenses allegedly committed by the same defendant because a jury might be influenced by such evidence as some indication of a defendant's guilt of one offense. Given this interest in limiting a jury's exposure to information about a separate offense(s), a motion to sever should be made before the jury is informed about the multiple offenses. If a defendant waits until jeopardy attaches in a jury trial or until the issue is joined, the jury would already be informed about the multiple offenses through the voir dire process. Presumably, the State and the defendant would explain and question potential jurors about the punishment range and elements for each charged offense. Additionally, if severance is permitted at the time suggested by Appellant or the Court of Appeals, the jurors might later wonder why they were initially informed during voir dire that several offenses would be prosecuted and then observe that only one offense is actually prosecuted. If a motion to sever must be made pre-trial, these potential problems never arise. Thus, the defendant's interest in preventing possible prejudice or detriment from a jury hearing about multiple offenses is furthered by a pre-trial motion to sever.

Yet another reason supports the pre-trial timing for a motion to sever. When the motion is made and ruled on pre-trial, the parties can better prepare for trial, knowing exactly what the State must prove and how the defendant will defend that specific charge. Each side then knows in advance of trial which witnesses are needed, what defenses might apply, and what evidence should be presented. As the Court of Appeals noted, "[L]ogic dictates that a motion seeking to avoid [the] detriment must be made, at the latest, prior to trial." *Thornton,* 957 S.W.2d

at 155. Pre-trial is the most logical time for a motion to sever in light of the interests behind the right to severance and the preparation for presentation of a case from voir dire through acquittal or conviction. Thus, not only should a motion to sever be made pre-trial because Articles 27.02 and 28.01 apply, but also because logic and reason dictate such a conclusion. Accordingly, in this case, Appellant's motion was untimely because it was not made pre-trial as required by Art. 28.01. The judgment of the Court of Appeals is affirmed.