TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00784-CR


NO. 03-99-00785-CR







Harry Lee Hemphill, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NOS. 49,835 & 49,836, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 A jury found appellant Harry Hemphill guilty of unlawful possession of a firearm
by a felon and possession of cocaine with the intent to deliver. See Tex. Penal Code Ann.
§ 46.01(a)(1) (West 1994) and Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp.
2000). The jury assessed punishment for unlawful possession of a firearm at ten years in jail and
a fine of $5,000. The jury assessed punishment for possession of cocaine at forty-five years in
jail and a fine of $20,000. Based on the jury's verdict, the district court sentenced appellant to
serve consecutive terms. Appellant raises two issues contending that the trial court reversibly
erred by (1) allowing the State on the day of trial to amend the indictment in the possession of
cocaine offense and (2) denying appellant's motion to sever the two causes for separate trials. We
will affirm the district court's judgments.


Change to the Indictment

 In his first issue, appellant contends that the district court erred by allowing the
State to amend the indictment on the day of trial. 

 On the first day of trial, Monday morning September 20, 1999, just before
beginning jury voir dire, the district judge called the parties together to rule on motions in limine. 
In addition to the motions in limine, the State asked the trial court to delete the words "a
playground and" from paragraphs II and IV of the indictment that alleged the offense of
possession of cocaine with intent to deliver. Specifically paragraph II provided in part,


the offense set forth in the First Paragraph was committed within 1,000 feet of
premises of a playground and a school, to-wit: Bellaire Elementary School.



Paragraph IV provided in part,



the offense set forth in the First Paragraph was committed within 1,000 feet of
premises of a playground and a school, to-wit: Fowler Elementary School. 



Appellant objected that, in requesting the deletion, the State was seeking to untimely amend the
indictment. The district court overruled appellant's objection and allowed the State's requested
change to the indictment. 

 An indictment may be amended at any time before the date the trial on the merits
begins. See Tex. Code Crim. Proc. Ann. art. 28.10(a) (West 1989). Additionally, an indictment
may be amended after trial begins if the defendant does not object. Id. at art. 28.10(b). Appellant
contends that because the State sought to change the indictment on the day of trial, the district
court improperly allowed the State to amend the indictment. Appellant relies on Ward v. State,
and argues that an amendment occurs when the indictment is physically altered by the insertion,
deletion, or striking out of language on the face of the indictment. See 829 S.W.2d 787, 794
(Tex. Crim. App. 1992). The State responds that the district court merely allowed the State to
abandon surplus language in the indictment. The State contends that because the changes to the
indictment were abandonments, the requirements of article 28.10 were not invoked. At issue is
whether the deletion was an improper amendment or a proper abandonment. 

 Not every alteration to a charging instrument is an amendment invoking the
requirements of article 28.10. See Eastep v. State, 941 S.W.2d 130, 131-32 (Tex. Crim. App.
1997). It is important to distinguish an amendment from an abandonment. Id. The Eastep court
explained that an amendment is an alteration that affects the substance of the charging instrument. 
Id. An abandonment includes situations where an alteration (1) abandons one or more of the
alternative means in which an offense may be committed; (2) abandons an allegation in the charge
if the effect is to reduce the prosecution to a lesser included offense; or (3) abandons surplus
language in the charging instrument. Id. Abandonments do not invoke the requirements of article
28.10. Id. 

 Appellant was charged with the offense of possession with intent to deliver cocaine. 
See Tex. Health & Safety Code Ann. § 481.112(d) (West Supp. 2000). Under section 481.134(c),
if the jury determined appellant committed the offense within 1,000 feet of the premises of a
school, punishment would be increased by five years in jail and the maximum fine for the offense
would be doubled. See Tex. Health & Safety Code Ann. § 481.134(c) (West Supp. 2000)
(addressing drug-free zones). The purpose of paragraphs II and IV were to put the appellant on
notice that the State was alleging that he committed the possession offense near a particular school
and that the State would be seeking a punishment authorized by section 481.134. We hold that
the deletion allowed by the district court was an abandonment of surplus language rather than an
amendment to the indictment. With the deletions of "a playground and" the indictment retained
the allegation that appellant committed the offense within 1,000 feet of certain schools--Bellaire
Elementary in paragraph II and Fowler Elementary in paragraph IV. Appellant's first issue is
overruled.


Motion to Sever

 In his second issue, appellant contends that the district court erred in overruling his
motion to sever the two causes for separate trials.

 Also on Monday morning just before beginning jury voir dire, appellant filed a
motion to sever the two charges against him. The State opposed the motion contending that (1)
there had been a pretrial hearing the Friday before and appellant could have presented his motion
to sever then, and (2) previously the State had given appellant six weeks' notice before moving
for consolidation, there had been a pretrial hearing on the State's motion to consolidate, at which
appellant did not object, and the district court had granted the State's consolidation motion. On
the morning of trial, appellant stated that he did not file his severance motion sooner because he
and his attorney had only decided over the weekend to request the severance. The district court
denied the motion to sever.

 Appellant contends that he had an absolute right to a severance of the cases. The
State responds that appellant was not entitled to a severance because appellant did not timely file
the motion. 

 The State may seek to join separate causes arising out of the same criminal episode
and try them in a common trial. See Tex. Penal Code Ann. § 3.02 (West 1994). Should the State
choose to join separate causes for one trial, the defendant has the right to a severance of the
offenses. See Tex. Penal Code Ann. § 3.04 (West Supp. 2000). Article 28.01 sets out matters
to be determined by the court pretrial. See Tex. Code Crim. Proc. Ann. art. 28.01 (West 1989). 
Article 28.01 specifically provides that pretrial hearings shall be held to determine matters
including the pleadings of the defendant. See id. art. 28.01, § 1(2); Thornton v. State, 986
S.W.2d 615, 617 (Tex. Crim. App. 1999). "A motion to sever is a 'pleading of the defendant'
as defined by [Texas Code of Criminal Procedure] article 27.02(8) and is governed by article
28.01." Thornton, 986 S.W.2d at 617. In Thronton, the Texas Court of Criminal Appeals
specifically decided the issue of when a motion to sever must be filed in order to be considered
timely under the Texas Code of Criminal Procedure section 3.02(a). See id. The Thornton court
held that even in the absence of a pretrial hearing, a motion to sever must be raised pretrial. See
id. Pretrial motions filed on the day of trial are untimely filed and may be overruled without a
hearing. See Bailey v. State, 888 S.W.2d 600, 602 (Tex. App.--Beaumont 1994, no pet.) (citing
Writt v. State, 541 S.W.2d 424 (Tex. Crim. App. 1976)). 

 We hold that appellant's motion was untimely filed and the district court did not
err in overruling the motion to consolidate. Appellant's second issue is overruled.

 The district court's judgments are affirmed.



 


 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed on Both Causes

Filed: July 13, 2000

Do Not Publish



by five years in jail and the maximum fine for the offense
would be doubled. See Tex. Health & Safety Code Ann. § 481.134(c) (West Supp. 2000)
(addressing drug-free zones). The purpose of paragraphs II and IV were to put the appellant on
notice that the State was alleging that he committed the possession offense near a particular school
and that the State would be seeking a punishment authorized by section 481.134. We hold that
the deletion allowed by the district court was an abandonment of surplus language rather than an
amendment to the indictment. With the deletions of "a playground and" the indictment retained
the allegation that appellant committed the offense within 1,000 feet of certain schools--Bellaire
Elementary in paragraph II and Fowler Elementary in paragraph IV. Appellant's first issue is
overruled.


Motion to Sever

 In his second issue, appellant contends that the district court erred in overruling his
motion to sever the two causes for separate trials.

 Also on Monday morning just before beginning jury voir dire, appellant filed a
motion to sever the two charges against him. The State opposed the motion contending that (1)
there had been a pretrial hearing the Friday before and appellant could have presented his motion
to sever then, and (2) previously the State had given appellant six weeks' notice before moving
for consolidation, there had been a pretrial hearing on the State's motion to consolidate, at which
appellant did not object, and the district court had granted the State's consolidation motion. On
the morning of trial, appellant stated that he did not file his severance motion sooner because he
and his attorney had only decided over the weekend to request the severance. The district court
denied the motion to sever.

 Appellant contends that he had an absolute right to a severance of the cases. The
State responds that appellant was not entitled to a severance because appellant did not timely file
the motion. 

 The State may seek to join separate causes arising out of the same criminal episode
and try them in a common trial. See Tex. Penal Code Ann. § 3.02 (West 1994). Should the State
choose to join separate causes for one trial, the defendant has the right to a severance of the
offenses. See Tex. Penal Code Ann. § 3.04 (West Supp. 2000). Article 28.01 sets out matters
to be determined by the court pretrial. See Tex. Code Crim. Proc. Ann. art. 28.01 (West 1989). 
Article 28.01 specifically provides that pretrial hearings shall be held to determine matters
including the pleadings of the defendant. See id. art. 28.01, § 1(2); Thornton v. State, 986
S.W.2d 615, 617 (Tex. Crim. App. 1999). "A motion to sever is a 'pleading of the defendant'
as defined by [Texas Code of Criminal Procedure] article 27.02(8) and is governed by article
28.01." Thornton, 986 S.W.2d at 617. In Thronton, the Texas Court of Criminal Appeals
specific