# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00799-CR

**Billy Jack Vercher, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
### NO. C-12-0815-SB, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Billy Jack Vercher of aggravated robbery. *See* Tex. Penal Code § 29.03. The trial court then found an enhancement paragraph to be true and assessed punishment at 30 years' imprisonment. *See id.* § 12.42(c)(1). In three points of error, Vercher argues that the trial court erred when it allowed testimony regarding an anonymous Crime Stoppers tip, that the joinder of the two counts in the indictment was reversible error, and that he is entitled to a new trial because the waiver of his right against self-incrimination was not voluntary. We will affirm the trial court's judgment of conviction.

### BACKGROUND

On the day of the robbery, Vercher entered the victims' residence along with his co-defendant Patrick Semple, who wielded a gun.[1] Vercher searched the residence while Semple

---

[1] The facts recited herein are taken from testimony and exhibits admitted at trial.

held the victims at gunpoint. Semple then struck one of the victims on the head with the gun, Vercher took money from a victim, and the two men fled the scene.

Based on a Crime Stoppers tip, police officers later obtained a warrant and searched Semple's residence. They found, among other things, a gun and several articles of clothing. The victims identified these items as those used by the robbers. Vercher was indicted for two counts—one for aggravated robbery, and one for unlawful possession of a firearm by a felon. Each count included an enhancement paragraph alleging that Vercher had previously been convicted of a felony.

At trial, the State called the San Angelo Crime Stoppers coordinator to testify about an anonymous tip Crime Stoppers had received concerning the robbery. Vercher objected to the coordinator's testimony on the grounds that it was hearsay and a violation of the Sixth Amendment's confrontation clause. The trial court overruled the objection but gave the jury a limiting instruction explaining that the testimony was not being offered for its truth, but only to "give [the jury] an idea of the investigation that is performed by the Police Department and how they reached the conclusions that they did reach." The witness went on to testify that the tipster had identified Vercher and Semple by name.

Vercher testified at trial. He did not deny that he had participated with Semple in the robbery. Instead, Vercher claimed that he had acted under duress. Vercher testified that he had once been a member of the Aryan Brotherhood but that he had left the organization years before the robbery. According to Vercher, members of the Brotherhood had recently threatened to kill him and his pregnant ex-girlfriend if Vercher did not help them obtain drugs. Vercher also testified that he was forced to participate in the robbery by Semple and another member of the Brotherhood, both of whom were armed while Vercher was not.

2

Vercher requested an instruction on the defense of duress, and the trial court submitted this instruction to the jury. The jury found Vercher guilty of aggravated robbery but not guilty of unlawful possession of a firearm by a felon. The trial court assessed punishment, and this appeal followed.

## DISCUSSION

*Crime Stoppers testimony*

In his first point of error, Vercher contends that the trial court reversibly erred when it overruled his objections and allowed the Crime Stoppers coordinator to testify about the anonymous tip that implicated Vercher and Semple in the robbery. According to Vercher, the coordinator's testimony was hearsay and, because the tipster was not available for cross-examination, its admission violated his right to confront the witnesses against him guaranteed by the Sixth Amendment. *See* U.S. Const. amend. VI. The State responds by arguing that defense counsel acquiesced in the court's limiting instruction and has therefore waived any complaint.[2] The State also argues that Vercher waived any error regarding improperly admitted evidence because that same evidence was brought in later by Vercher himself, who testified and admitted to participating in the robbery. The State further argues that the testimony was admissible because it "was entered solely to show the jury how the police investigation began and not offered for the truth of the matter asserted."

We are not convinced that the Crime Stoppers testimony was hearsay or a violation of the confrontation clause, because it does not appear to have been offered for the truth of the matter

---

[2] After issuing its limiting instruction, the trial court asked defense counsel, "[I]s that clear enough?" Defense counsel responded, "Yes, Your Honor."

asserted. *See Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995) (holding evidence was not hearsay because the State tendered it "to show how appellant became a suspect in the investigation"); *Martinez v. State*, 186 S.W.3d 59, 67 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (holding "Crime Stoppers tip was offered to show how Sergeant Peters began to suspect appellant, not to prove that appellant was guilty of the crime," and was therefore not hearsay). Nevertheless, we need not decide this question, because even assuming without deciding that the Crime Stoppers testimony was hearsay and violated the confrontation clause, we determine that any error in its admission was harmless and therefore not reversible. *See Rubio v. State*, 241 S.W.3d 1, 3 (Tex. Crim. App. 2007) ("[A]ny Confrontation Clause violation, once proven, is subject to harmless error analysis.").

When the trial court errs by admitting hearsay, we apply a harm analysis under Texas Rule of Appellate Procedure 44.2(b) and must disregard the error if it does not "affect substantial rights." Tex. R. App. P. 44.2(b); *see Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004) (applying Rule 44.2(b) analysis when trial court erred in admitting hearsay); *Thompson v. State*, No. 03-12-00519-CR, 2013 WL 491025, at *3 (Tex. App.—Austin Jan. 30, 2013, no pet.) (mem. op., not designated for publication) ("The admission of inadmissible hearsay constitutes non-constitutional error. An appellate court must disregard non-constitutional errors that do not affect substantial rights of the defendant.") (citation omitted). However, a confrontation-clause violation is constitutional error, and the trial court's judgment must be reversed "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *See* Tex. R. App. P. 44.2(a); *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010) ("The court of

4

appeals correctly identified any Confrontation Clause error to be of constitutional dimension, and therefore . . . subject to a constitutional harm analysis."). In determining whether the error was harmless beyond a reasonable doubt, we consider several factors: "1) how important was the out-of-court statement to the State's case; 2) whether the out-of-court statement was cumulative of other evidence; 3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; and 4) the overall strength of the prosecution's case." *Langham*, 305 S.W.3d at 582 (quoting *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007)).

We conclude that the admission of the Crime Stoppers testimony was harmless beyond a reasonable doubt. The evidence that Vercher participated in the robbery was overwhelming. The State introduced recordings of two calls that Vercher made while in jail. In one call, Vercher alleged that "Pat" carried the gun during the robbery, and in another call, Vercher admitted to being present during the robbery. In addition, Vercher himself testified and admitted that he had participated in the robbery. The Crime Stoppers testimony had little if any relevance to Vercher's duress defense because it did not address Vercher's claims that he was threatened with death if he did not assist in the robbery. The testimony only informed the jury of what they would later hear from additional evidence, including Vercher's own testimony.

Because the State's case against Vercher was so strong and the Crime Stoppers testimony was cumulative of other evidence, any error the trial court may have committed in admitting it was harmless and not reversible. Accordingly, we overrule Vercher's first point of error.

5

*Joinder of offenses*

In his second point of error, Vercher contends that the joinder of Count I of the indictment (aggravated robbery) with Count II (unlawful possession of a firearm by a felon) was reversible error and per se prejudicial because it allowed the State to introduce evidence of his criminal record, which would not have been admissible with respect to Count I.

"A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." Tex. Penal Code § 3.02(a). However, "[w]henever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses." *Id.* § 3.04(a). A motion for severance is timely only if it is filed before trial. *See Thornton v. State*, 986 S.W.2d 615, 618 (Tex. Crim. App. 1999). There is nothing in the record before us that indicates that Vercher *ever* moved for severance of the two offenses in this case.[3] Therefore, he has waived any objections to the joinder of his offenses. *See* Tex. R. App. P. 33.1(a) (to preserve complaint for appellate review, "the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion"); *Carnes v. State*, No. 09-11-00686-CR, 2013 WL 6044394, at *4 (Tex. App.—Beaumont Nov. 13, 2013, pet. ref'd) (mem. op., not designated for publication) (holding defendant waived any error in joinder of offenses because he did not request severance and sought joinder of offenses); *Richardson v. State*, No. 05-88-01484-CR, 1992 WL 210709, at *8 (Tex. App.—Dallas Aug. 28, 1992, pet. ref'd)

---

[3] The State filed a motion for joinder asking the court to join Vercher's trial with Semple's. Although the trial court granted this motion over Vercher's objection, the issue became moot when Semple pleaded guilty before Vercher's trial began. However, no motion for severance of Vercher's two offenses appears in the record.

(not designated for publication) (holding defendant did not preserve error for review because he never filed motion for severance). Accordingly, we overrule Vercher's second point of error.

*Involuntary self-incrimination*

In his third point of error, Vercher argues that the errors the trial court allegedly made in admitting the Crime Stoppers testimony and evidence of extraneous offenses relevant to Count II forced him to make a "Hobbesian Choice"—"to allow these two errors to stand un-contradicted or to take the stand in his own behalf." According to Vercher, the waiver of his Fifth-Amendment right not to testify "was not voluntary when presented with the deck stacked against him."

Vercher has not cited any authority in support of his argument that a defendant's decision to testify is not voluntary when made in response to alleged errors committed by the trial court. *See* Tex. R. App. P. 38.1(i) (appellant's brief must include "appropriate citations to authorities"). Moreover, as discussed above, any error the trial court made in admitting the Crime Stoppers testimony was harmless, and Vercher has not preserved any objection he may have to the joinder of his two offenses. We also note that Vercher asked for and received a jury instruction on duress—a defense only available to him if he admitted to committing the robbery. *See Rodriguez v. State*, 368 S.W.3d 821, 825 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("A defendant's failure to testify, stipulate, or otherwise proffer defensive evidence admitting that he engaged in the proscribed conduct prevents the defendant from benefitting from the defense of duress.") (internal quotation marks omitted); *Ramirez v. State*, 336 S.W.3d 846, 851 (Tex. App.—Amarillo 2011, pet. ref'd) ("To avail oneself of the affirmative defense of duress, the accused must admit to having engaged in the proscribed conduct.").

7

We conclude that there is nothing in the record indicating that Vercher's decision to testify was not made knowingly and voluntarily, and we reject Vercher's attempt to recast in Fifth-Amendment terms the arguments made in his first two points of error. Accordingly, we overrule Vercher's third point of error.

## CONCLUSION

Having overruled each of Vercher's points of error, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   October 7, 2015

Do Not Publish

8