

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00573-CR

Dominic Stefan **ANDERSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 14-2309-CR-A
The Honorable William Old, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  July 13, 2016

AFFIRMED

Dominic Stefan Anderson was convicted by a jury of sexual assault and assault family violence – enhanced. On appeal, Anderson contends the trial court erred by: (1) denying his request for a severance; (2) refusing to allow him to cross-examine the complainant regarding her probationary status; and (3) denying his request for a jury instruction. We affirm the trial court's judgment.

**BACKGROUND**

The complainant, A.T., and Anderson lived together. According to A.T., after Anderson saw a message A.T. received from another man, Anderson followed her into a bathroom stall at a restaurant and hit her. A.T. also stated Anderson hit her in the face and pinched her breasts in the car after leaving the restaurant, and, on the drive home after stopping at a friend's house, Anderson punched A.T. in her eye four times. After returning home, A.T. further testified Anderson repeatedly pinched her and pulled her hair and also forced her to engage in anal sex. The following day, A.T. told her sister what had occurred. The police were called, and Anderson was arrested.

A.T. underwent a sexual assault exam, and the sexual assault nurse examiner testified the bruises on A.T.'s breasts were severe and were inflicted using a lot of force. The nurse examiner also testified A.T. had a tear in her anus caused by a great deal of physical force or blunt force trauma. Finally, the nurse examiner testified A.T.'s injuries were too severe to have been caused by "rough sex." Pictures of A.T.'s injuries were introduced into evidence.

Anderson testified in his defense, stating all of his sexual intercourse with A.T. was consensual and the bruises were hickeys. Anderson further testified A.T. enjoyed deviant or rough sex, and she consented to the actions that caused the marks shown in the pictures. Anderson admitted he was convicted in 2006 for assault family violence but also denied assaulting the victim in that case.

After hearing the evidence, the jury found Anderson guilty of sexual assault and assault family violence – enhanced. Anderson was sentenced to fifteen years' imprisonment for the sexual assault and ten years' imprisonment for the assault family violence – enhanced offense.

**SEVERANCE**

In his first issue, Anderson contends the trial court erred in denying his motion to sever the two offenses into separate trials. In order to be timely, however, a motion to sever must be raised

pre-trial. *Thornton v. State*, 986 S.W.2d 615, 617-18 (Tex. Crim. App. 1999); *Rodriguez v. State*, 90 S.W.3d 340, 357 (Tex. App.—El Paso 2001, pet. ref'd); *Rangel v. State*, No. 04-00-00372-CR, 2001 WL 1090253, at *3 (Tex. App.—San Antonio Sept. 19, 2001, no pet.) (not designated for publication). Here, Anderson did not move for a severance until the day the case was called for trial and after the venire panel was qualified and a motion to shuffle was requested and granted. After defense counsel moved for the severance, the prosecutor noted, "If that was actually defendant counsel's motion, it should have been heard back with pretrials." The record on appeal contains a reporter's record from a pre-trial hearing, and Anderson did not move for a severance at that hearing. Therefore, Anderson's motion was untimely because it was not made pre-trial. *See Thornton*, 986 S.W.2d at 618. Because Anderson failed to timely move for the severance, the trial court did not err in denying the motion. *See Rangel*, 2001 WL 1090253, at *3. Anderson's first issue is overruled.

## CROSS-EXAMINATION

In his second issue, Anderson contends the trial court erred in not allowing him to cross-examine A.T. regarding her felony probation. At trial, Anderson argued he should be allowed to cross-examine A.T. regarding her "felony probation deferred for drugs" because she filed an affidavit of nonprosecution in this case, and her motivation for filing the affidavit may have been to avoid being charged with "false statement of a police report." The State responded A.T. testified she filed the affidavit because she had reconciled with Anderson at the time; therefore, Anderson's theory that she filed the affidavit due to her probationary status was not substantiated. In its brief, the State notes the trial court's ruling was not erroneous because Anderson never demonstrated a logical connection between A.T.'s probationary status and A.T.'s bias or propensity to testify falsely.

The mere fact that a witness is on probation is not sufficient, by itself, to establish a potential bias or motive to testify favorably for the State. *Irby v. State*, 327 S.W.3d 140, 152 (Tex. Crim. App. 2010). Instead, in order to cross-examine a witness regarding her probationary status, the proponent must establish some causal connection or logical relationship between the witness's probationary status and the witness's potential motive to testify for the State. *Id*. at 147-49. Stated differently, the cross-examiner must "show a logical connection between the fact or condition that *could* give rise to a potential bias or motive and the existence of any bias or motive to testify." *Id*. at 149-50 (emphasis in original); *see also Juneau v. State*, 49 S.W.3d 387, 390 (Tex. App.—Fort Worth 2000, pet. ref'd) (noting "[a]ppellant must make some showing that [the witness's] version of the facts might be a result of his deferred adjudication status").

During trial, outside the presence of the jury, defense counsel took A.T. on voir dire in an effort to establish her testimony was impacted by her probationary status. On voir dire, A.T. stated she informed Investigator Frank Allenger she did not want to be a witness and did not want charges pressed against Anderson. Allenger told her the State could still continue the case without her testimony. Allenger asked her if the allegations were false because the State did not want to punish Anderson if the assault did not occur. A.T. told Allenger the assault occurred; she just did not want to pursue it. In response to further voir dire questioning, A.T. stated no discussions took place regarding her probation or filing a false police report when she signed the nonprosecution affidavit. Based on the foregoing, we hold Anderson failed to show a logical connection between A.T.'s probationary status and any motivation to testify as she did. Therefore, the trial court did not err in not allowing defense counsel to cross-examine A.T. regarding her probationary status. Anderson's second issue is overruled.

## JURY INSTRUCTION

In his third issue, Anderson contends the trial court erred in denying his requested jury instruction regarding the evidence of the 2006 assault. At trial, Anderson requested the following instruction:

> You heard that the defendant has a prior conviction for assault family violence on June 19, 2006. Such evidence is to be considered only for providing this Court jurisdiction. It is not to be considered as evidence of the defendant's guilt on the date in question.

The trial court denied the instruction, stating "Paragraph 5 of the proposed charge deals with that issue; and therefore, an additional limiting instruction is not necessary." Paragraph 5 of the charge stated:

> The defendant is on trial solely on the charge as alleged in the amended indictment. In reference to evidence, if any, that the defendant, DOMINIC STEFAN ANDERSON, has previously participated in recent transactions or acts; other than but similar to that which is charged in the indictment in this case, you are instructed that you can not [sic] consider such other transactions or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in such transactions or committed such acts, if any; and even then you may only consider the same for the purpose of determining the intent, knowledge, motive, common plan or scheme, or to rebut a defensive theory, or to establish the jurisdictional grounds of the case as a felony, if it does, of the defendant, DOMINIC STEFAN ANDERSON, for the offenses charged in the amended indictment, if it does, and for no other purpose.

In his brief, Anderson also contends this instruction was erroneous because the prior assault was admissible only for jurisdictional purposes and not for the other Rule 404(b) purposes referenced in the instruction.

When analyzing a jury charge issue on appeal, this court first determines if there was error, and if so, whether the error caused sufficient harm to warrant a reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Here, the instruction in Paragraph 5 states the jury may consider the prior assault only for the reasons stated "and for no other purpose." By limiting the use of the

evidence to the stated reasons, the instruction is similar to the instruction requested by Anderson. Accordingly, the trial court did not err in refusing to include Anderson's instruction in the charge.

With regard to Anderson's contention that the instruction was erroneous because the prior assault was not admissible under Rule 404(b), we disagree. Extraneous offense evidence is admissible to rebut a defensive theory that the complainant fabricated the allegations against the defendant. *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008). In this case, Anderson testified A.T. fabricated her version of the events. Accordingly, the prior assault was admissible to rebut Anderson's defensive theory.

Because Anderson contends the trial court erred by including an instruction referring to all of the purposes for which evidence may be admissible under Rule 404(b), we also address the jury instruction's reference to other inapplicable purposes for which extraneous offense evidence can be admitted under Rule 404(b), i.e., intent, knowledge, motive, and common plan or scheme. We agree with our sister courts that the references to those other purposes are surplusage. *See Blackwell v. State*, 193 S.W.3d 1, 16 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (as long as instruction includes 404(b) purpose raised by evidence, inclusion of other 404(b) purposes "amounted to surplusage that the jury could readily disregard because those issues were not pertinent to the trial"); *see also Bailey v. State*, No. 10-11-00437-CR, 2012 WL 4841465, at *7 (Tex. App.—Waco Oct. 11, 2012, no pet.) (quoting *Blackwell*) (not designated for publication). "While the jury charge was not as narrowly tailored as it could have been, it properly instructed the jury to consider the extraneous offense evidence for only [limited] purposes," including to rebut Anderson's defensive theory of fabrication. *Brown v. State*, No. 01-11-00462-CR, 2012 WL 1893700, at *7 (Tex. App.—Houston [1st Dist.] May 24, 2012, no pet.) (not designated for publication). Anderson's third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH