**AFFIRM; and Opinion Filed February 17, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00943-CR

### NDUBUISI NKALARI, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law
Rockwall County, Texas
Trial Court Cause No. CR13-1057**

## MEMORANDUM OPINION
Before Justices Fillmore, Brown, and Richter[1]
Opinion by Justice Brown

Following a jury trial, appellant Ndubuisi Nkalari appeals his conviction for misdemeanor assault. In two issues, appellant contends the trial court erred in not severing the assault case from another case arising out of the same criminal transaction and in limiting his cross-examination of the arresting officer. For reasons that follow, we affirm the trial court's judgment.

### BACKGROUND

In August 2013, appellant was charged with misdemeanor assault causing bodily injury to a family member, his wife Christy. The information alleged appellant intentionally, knowingly, or recklessly caused bodily injury to Christy by using Christy's arms to apply

---

[1] The Hon. Martin Richter, Justice, Assigned.

pressure to her throat or neck. Appellant was charged separately with the unlawful restraint of his wife. Both offenses were alleged to have occurred on or about June 22, 2013. In September 2014, the State filed a notice of its intent to join the assault and unlawful restraint cases for trial because they arose out of the same criminal episode. The trial court granted the State's motion for joinder on October 2, 2014.

On the day of trial in July 2015, just before voir dire, defense counsel indicated he had filed a "formal motion" that morning to sever the two cases. Counsel made reference to having made an oral request for severance at a pretrial hearing a few days earlier. (We do not have a record of that hearing.) Counsel argued that appellant was entitled to a mandatory severance pursuant to section 3.04 of the penal code. The State responded that the motion to sever was untimely. The trial court denied the motion and proceeded with the trial. Appellant pleaded not guilty to both charges.

Christy testified that at the time of the incident in question, she and appellant were sleeping in separate bedrooms due to trouble in the marriage. They were divorced by the time of trial. As she was about to go to bed on the night of June 22, 2013, she heard appellant watching TV in the master bedroom. After asking appellant to turn down the TV, Christy went into another bedroom, shut the door, and got in bed. Within a few minutes, Christy's bedroom door opened. Appellant turned on the light and called Christy's name. He closed the door behind him and climbed on top of her. Christy tried to push him away, kicking and struggling. He held her hands and crossed her hands and arms around her neck. The pressure appellant applied was strong, and Christy told appellant she could not breathe. Appellant then started to pull her underwear. Christy continued to struggle to get appellant to release her. As they struggled, Christy hit her head on the bed frame and fell on the floor. Appellant let go of her when she fell, and Christy used her phone to call 911.

Rockwall Police Officer James Williams was dispatched to the residence at about midnight on June 22, 2013. Christy answered the door and told Officer Williams what had happened. According to the officer, Christy told him she was lying in her room when appellant came in, shut the door, got on top of her, and began holding her down. Christy told appellant to leave her alone and leave the room. Appellant did not get off of her. He positioned her arms around her neck and squeezed. Christy could not breathe for a few seconds. Officer Williams testified Christy looked fearful and upset. Appellant denied that anything had happened. He told the officer he had gone to his wife's room to console her and ask her what was wrong. After Officer Williams spoke to Christy and to appellant, he placed appellant under arrest. Another officer who was called to the scene, Officer Wendy White, gave similar testimony about Christy's demeanor and what Christy said about appellant's actions that night.

Appellant was the sole witness for the defense. According to appellant, he went to his wife's room that night and called her name to see if she would come to the master bedroom. He lay down in bed with her and held her, trying to be romantic. She began yelling and told him to get out. Appellant denied assaulting Christy and denied preventing her from getting off the bed.

The jury found appellant guilty of assault and not guilty of unlawful restraint. The court assessed punishment for the assault at 365 days in the Rockwall County Jail, probated for twenty-four months, and a $2,000 fine. This appeal followed.

### DENIAL OF MOTION TO SEVER

In his first issue, appellant contends the trial court erred in denying his motion to sever the two offenses. Prior to jury selection on the first day of trial, July 14, 2015, defense counsel asserted appellant was entitled to a severance under penal code section 3.04. Counsel filed a written motion for severance that morning and noted he had made an oral motion for severance at the last pretrial hearing. The trial court confirmed that the issue was brought up orally during

–3–

pretrial a few days earlier on July 9, 2015. The State argued that the motion was not timely as it needed to be made at least seven days before the pretrial hearing. The trial court denied the motion to sever.

Section 3.02 of the penal code permits the consolidation of separate criminal charges against a single defendant that arise out of a single criminal episode. *Werner v. State*, 412 S.W.3d 542, 546 (Tex. Crim. App. 2013); *see* TEX. PENAL CODE ANN. § 3.02(a) (West 2011). Under section 3.04(a), however, a defendant has an absolute right to sever most charges that have been consolidated under section 3.02. *Werner*, 412 S.W.3d at 546; TEX. PENAL CODE ANN. § 3.04(a) (West 2011). When a defendant timely requests a severance under section 3.04, his right to a severance must be granted. *Coleman v. State*, 788 S.W.2d 369, 371 (Tex. Crim. App. 1990). Under article 28.01 of the code of criminal procedure, a defendant is required to make a motion to sever pretrial. *See Thornton v. State*, 986 S.W.2d 615, 617–18 (Tex. Crim. App. 1999). Section two of article 28.01 provides that when a criminal case is set for a pretrial hearing, any preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court on good cause shown, provided the defendant had sufficient notice of the hearing to allow him ten days to raise or file such preliminary matters. TEX. CODE CRIM. PROC. ANN. art. 28.01, § 2 (West 2006). In other words, if the defendant has had at least seventeen days' notice of the pretrial hearing, he must file pretrial motions at least seven days in advance of that hearing. *Sells v. State*, 121 S.W.3d 748, 763 (Tex. Crim. App. 2003).

The parties disagree about whether appellant's motion for severance was timely. Appellant asserts he did not have seventeen days' notice of the pretrial hearing and thus was not

–4–

bound by the requirement that he file pretrial motions at least seven days before the hearing.[2] The State maintains the motion was untimely. We need not determine the issue to resolve this appeal. We will assume, without deciding, that the trial court erred in denying appellant's motion to sever. A trial court's failure to grant a mandatory severance under section 3.04 is subject to a harm analysis, and the error is harmless if it did not adversely affect the defendant's substantial rights. *Scott v. State*, 235 S.W.3d 255, 257 (Tex. Crim. App. 2007); *see* TEX. R. APP. P. 44.2(b); *Werner*, 412 S.W.3d at 548. We assess harm after reviewing the entirety of the record, including the evidence, the jury charge, closing arguments, voir dire, and any other relevant information. *Werner*, 412 S.W.3d at 547. When there is a substantial overlap of evidence between the two consolidated charges, the failure to sever is most likely to be harmless. *Id.* at 548–49. Although the entire record must be examined, the overlap of evidence is the most important factor. *Id.* at 549.

A person commits the offense of unlawful restraint by intentionally or knowingly restraining another person. TEX. PENAL CODE ANN. § 20.02 (a) (West 2011). In appellant's case, it was alleged he restrained his wife by holding her down against the bed and not allowing her to get up. The prosecutor argued in closing to the jury that appellant restrained Christy by using the force of his body to confine her in bed.

In his brief, appellant concedes that much, if not all, of the evidence would have been admissible in both trials. The facts relating to the alleged assault and the alleged unlawful restraint were completely intertwined. Appellant's wife testified that as appellant was using her arms to apply pressure to her neck, he was also on top of her and she could not get up. The alleged unlawful restraint was admissible as same transaction contextual evidence. Same

---

[2] Although article 28.01 gives the trial court discretion to consider untimely pretrial motions upon a showing of good cause, appellant does not argue on appeal that he showed good cause.

transaction contextual evidence is evidence of another crime or act that is so intertwined with the charged offense that full proof of either crime cannot be had without eliciting testimony of the other. *King v. State*, 189 S.W.3d 347, 354 (Tex. App.—Fort Worth 2006, no pet.). The granting of a severance does not automatically preclude the admission of extraneous offenses that are same transaction contextual evidence. *Id.*

Appellant urges that the overlap in evidence is just one step in the analysis and that other factors establish that he was harmed. Appellant first asserts the harm in this case derives from the fact that he faced two charges and the jury heard about two distinct offenses throughout the proceedings. But this is true in any consolidated trial. Appellant also argues that the harm was compounded because when testifying about seeking an emergency protective order in the case, Officer Williams mentioned "an incident a year before." Upon appellant's objection, the trial court instructed the jury to disregard that testimony, and we presume the jury followed the instruction. *See Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000). The court denied appellant's request for a mistrial. The Court of Criminal Appeals has instructed that the substantial overlap of evidence is the most important factor in analyzing harm from the denial of a motion to sever. *See Werner*, 412 S.W.3d at 549. After examining the entire record in this case, we conclude that the substantial overlap of evidence is the decisive factor in this case. Appellant's substantial rights were not affected by the denial of the motion to sever. We overrule appellant's first issue.

### LIMITATION OF CROSS-EXAMINATION

In his second issue, appellant contends the trial court erred in sustaining the State's objection to appellant's question to Officer Williams about the original charge filed against appellant. The State responds that appellant has not preserved this issue for our review. We agree with the State.

On cross-examination, defense counsel asked Officer Williams if he filed attempted sexual assault charges against appellant. After the officer answered that he did not, counsel started to follow up with a question about the charges he did file. The State objected. There was some discussion off the record and some on the record, outside the presence of the jury. Appellant's counsel wanted to inquire whether Officer Williams initially filed the case as an assault impeding breath, which would have been a third-degree felony, instead of the Class A misdemeanor of assault on a family member. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West Supp. 2016). The court ruled that appellant could not question the officer about the level of the charges or whether certain facts would give rise to a felony, stating, "the line of questioning that's been discussed here will be irrelevant."

Appellant argues the testimony he sought to elicit from the officer was relevant and that the court erred by prohibiting such inquiry. He maintains the purpose of the testimony was to show that Christy's version of the events did not support the charges filed, and the charges had to be reduced from assault impeding breath to assault family violence. But error in the exclusion of evidence may not be urged unless the proponent perfected an offer of proof or a bill of exceptions. *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999); TEX. R. EVID. 103(a)(2). Unless the record shows what the excluded testimony would have been, or the proponent of the evidence offers a statement concerning what the excluded evidence would have shown, nothing is preserved for review. *Guidry*, 9 S.W.3d at 153. Here, appellant did not take any steps to ensure that the record reflected the substance of the testimony he sought. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

150943F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

NDUBUISI NKALARI, Appellant

No. 05-15-00943-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law, Rockwall County, Texas

Trial Court Cause No. CR13-1057.

Opinion delivered by Justice Brown, Justices Fillmore and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of February, 2017.