Opinion filed July 18, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00206-CR

_____

## PETE PEREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-16-0213-CR**

## MEMORANDUM OPINION

In a single indictment, the grand jury indicted Pete Perez on one count of continuous sexual abuse of a young child and two counts of sexual assault of a child. In a trial before a jury, Appellant pleaded guilty to the two counts of sexual assault of a child and not guilty to the charge of continuous sexual abuse of a young child. The jury found Appellant guilty on all three counts. Appellant elected to have the trial court assess punishment. The trial court assessed punishment at confinement for life for the continuous sexual abuse of a young child and at twenty years on each

of the convictions for sexual assault of a child. The trial court ordered that the sentences were to run consecutively.

In two issues on appeal, Appellant argues that the trial court abused its discretion when it (1) denied Appellant's motion to sever Count I from Counts II and III and (2) allowed the admission of DNA evidence. We affirm.

Because there is no challenge to the sufficiency of the evidence, we will only briefly discuss the facts that appear in the record. Appellant was A.M.'s father. A.M. and her family moved to Odessa when A.M. was in the second grade. A.M. testified that, after they moved to Odessa, Appellant had sexual intercourse with her when she was eleven or twelve years old. Appellant continued to have sexual intercourse with A.M. "probably once a week" or every other week.

A.M. also testified that, when she was a fourteen-year-old freshman, Appellant withdrew A.M. from school to be homeschooled. However, Appellant did not homeschool A.M.; instead, Appellant had sexual intercourse with her "about four or five times a day" while A.M.'s mother was at work. Eventually A.M. became pregnant with Appellant's child. The same night that A.M. returned home after she gave birth, Appellant continued to sexually assault her.

In his first issue, Appellant contends that the trial court erred when it overruled his motion to sever the count for continuous sexual abuse of a young child from the two counts for sexual assault of a child. We review the decision of a trial court to grant or deny a severance, based upon the statute involved here, for an abuse of discretion. *Salazar v. State*, 127 S.W.3d 355, 365 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

Chapter Three of the Texas Penal Code governs the consolidation, joinder, and severance of multiple offenses tried in a single criminal action. A defendant may seek a severance when two or more offenses have been consolidated or joined for trial in a single criminal action. TEX. PENAL CODE ANN. § 3.04 (West 2011). But

2

the defendant's right to severance of the offenses is not absolute. A defendant's right to severance is limited by Section 3.04(c) of the Texas Penal Code, which provides that the right to severance does not apply to a prosecution for offenses described by Section 3.03(b) "unless the court determines that the defendant or the state would be unfairly prejudiced by a joinder of offenses, in which event the judge may order the offenses to be tried separately or may order other relief as justice requires." *Id.* § 3.04(c).

All three offenses with which Appellant was charged in this case are listed in Section 3.03(b). Because Appellant was charged with continuous sexual abuse of a young child and two additional offenses of sexual assault of a child, Appellant did not have the right to compel a severance. *See id.* § 3.03(b) (West Supp. 2018), § 3.04(c). Appellant could obtain a severance only if the trial court determined that he or the State would be unfairly prejudiced by a joinder of the offenses. *See id.* § 3.04(c).

"The primary reason for a defendant to sever offenses is to limit the presentation of evidence of the defendant's wrongdoing to one offense, rather than allowing presentation of evidence of multiple offenses." *Thornton v. State*, 986 S.W.2d 615, 617 (Tex. Crim. App. 1999). A severance of the three charged offenses would not have limited the presentation of evidence of Appellant's wrongdoing to only one offense because Article 38.37 of the Texas Code of Criminal Procedure permits the admission of evidence of other acts committed by a defendant against a child victim in cases involving those offenses charged here. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West 2018). We overrule Appellant's first issue on appeal.

In his second issue, Appellant argues that the trial court abused its discretion when it admitted certain DNA evidence because the "DNA evidence presented at trial concerned the allegations in Counts [II and III] only. No DNA evidence existed to support Count I." Because he pleaded guilty to Counts II and III, Appellant argues

that the DNA evidence had a low probative value to a finding of guilt in Count I and had a high danger of unfair prejudice. Therefore, Appellant maintains, the DNA evidence was inadmissible under Rule 403 of the Texas Rules of Evidence.

Article 38.37, section 1(b) of the Texas Code of Criminal Procedure provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> > (1) the state of mind of the defendant and the child; and
> >
> > (2) the previous and subsequent relationship between the defendant and the child.

CRIM. PROC. art. 38.37, § 1(b).

The above quoted provision applies to the offense of continuous sexual abuse of a young child. *Id.* § 1(a)(1)(A). However, upon proper objection or request, the trial court must still perform the balancing test provided for in Rule 403 of the Texas Rules of Evidence. *Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd.).

Under Rule 403, relevant evidence may be excluded if the trial court determines that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, that it causes confusion of the issues, that it misleads the jury, that the presentation of the evidence causes undue delay, or that the evidence is a needless presentation of cumulative evidence. TEX. R. EVID. 403; *Carmichael v. State*, 505 S.W.3d 95, 102 (Tex. App.—San Antonio 2016, pet. ref'd.). When a trial court overrules a Rule 403 objection, we presume that it performed a Rule 403 balancing test and determined that the evidence was admissible. *Hitt*, 53 S.W.3d at 706.

4

In *Gigliobianco*, the court wrote that "'probative value' refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). The need for the evidence might not be so great if there is other evidence to establish the proposition for which the evidence is offered. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (op. on reh'g)).

The court in *Gigliobianco* also said that the term "'unfair prejudice[]' refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* The court also wrote: "Evidence might be unfairly prejudicial if, for example, it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence." *Id.* (citing K. Broun et al., MCCORMICK ON EVIDENCE § 185 at 737 (6th ed. 2006)).

Appellant's objection in the trial court necessitates that we address two more terms: "confusion of the issues" and "misleading the jury." In *Gigliobianco*, the court said that "confusion of the issues" referred to that evidence that would tend to confuse or distract the jury from the main issues in the case. *Id.* The term "misleading the jury" referred to the possibility that a jury would give more weight to a piece of evidence for reasons other than emotional ones. *Id.*

We hold that the trial court did not abuse its discretion when it admitted the DNA evidence. We have examined the record, and we fail to see how the evidence could confuse or mislead the jury. To the contrary, the DNA evidence went to the very heart of the issue in this case.

As far as the prejudicial effect of the evidence is concerned, A.M. was the only eyewitness to the continuous sexual abuse inflicted upon her by her father. As

5

happens quite often in these types of cases, there was no other physical evidence to confirm A.M.'s testimony. Therefore, the DNA evidence was important to the State.

There is no denying the fact that the testimony was highly prejudicial because it was probative of Appellant's propensity to repeatedly sexually assault his young daughter, sometimes multiple times each day. *See Belcher v. State*, 474 S.W.3d 840, 848 (Tex. App.—Tyler 2015, no pet.) (evidence highly prejudicial but admissible because probative of propensity to sexually assault daughter). Although the DNA testimony was prejudicial, it was not unfairly so. We overrule Appellant's second issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


July 18, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.