**The STATE of Texas, Appellant**

v.

**Eric Stephen YOUNG, Appellee.**

**No. 05–06–01692–CR.**

Court of Appeals of Texas, Dallas.

Jan. 11, 2008.

days after the date of this Order demonstrating the need for such additional portions.

Robert Udashen, Sorrels, Udashen & Anton, Dallas, for Appellee.

Shelly O'Brien Yeatts, Asst. Dist. Atty., Dallas, for State.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice WHITTINGTON.

The State of Texas appeals the trial judge's order granting Eric Stephen Young's motion for forensic DNA testing. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(6) (Vernon Supp.2007) (allowing State to appeal trial court's criminal order if order is issued under chapter 64). In three issues, the State claims the trial judge erred in granting the motion because (i) Young lacks standing to be entitled to post-conviction forensic DNA testing, (ii) identity is not an issue in this case, and (iii) Young failed to prove by a preponderance of the evidence he was entitled to forensic DNA testing. Because we conclude Young lacked standing to be entitled to a chapter 64 procedure, we vacate the trial court's order and dismiss this forensic DNA testing case.

Young was indicted for aggravated sexual assault. After entering a guilty plea on June 14, 1989, he was placed on deferred adjudication probation for ten years. Young successfully completed his deferred adjudication probation. Thereafter, Young filed a motion for forensic DNA testing under chapter 64 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01–.05 (Vernon 2006 & Supp.2007). The trial judge granted his motion. The State then filed this appeal.

In its first issue, the State contends Young lacked standing to be entitled to relief under chapter 64. Under this issue, the State argues chapter 64 applies only to a person who has been "convicted" and that, because appellant was not convicted but instead received deferred adjudication probation, he is not entitled to seek relief under chapter 64. We agree with the State.

When we interpret a statute, the overall goal is "to give effect to the collec-

tive intent or purpose of the Legislature that enacted the statute." *Sanchez v. State,* 138 S.W.3d 324, 325 (Tex.Crim.App. 2004) (citing *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991)); *see Gray v. State,* 233 S.W.3d 295, 301 (Tex.Crim.App. 2007). To do so, we focus on the literal text of the statute and try to discern the fair, objective meaning of that text. *State v. Cowsert,* 207 S.W.3d 347, 350 (Tex.Crim. App.2006) (citing *Boykin,* 818 S.W.2d at 785); *Sanchez,* 138 S.W.3d at 325. If the literal text is clear and unambiguous, we will give effect to that meaning. *Cowsert,* 207 S.W.3d at 350; *Sanchez,* 138 S.W.3d at 325; *Boykin,* 818 S.W.2d at 785. If, however, the statute is ambiguous or the plain meaning of the statute would lead to absurd consequences that the legislature could not possibly have intended, "then *and only then,* out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such *extra* textual factors as executive or administrative interpretations of the statute or legislative history." *Wright v. State,* 201 S.W.3d 765, 768 (Tex.Crim. App.2006) (quoting *Boykin,* 818 S.W.2d at 785–86) (emphasis in original); *Sanchez,* 138 S.W.3d at 325.

Article 64.01 provides that a *"convicted* person may submit to the *convicting* court a motion for forensic DNA testing of evidence containing biological material." TEX.CODE CRIM. PROC. ANN. art. 64.01(a) (Vernon Supp.2007) (emphasis added). The motion "may request forensic DNA testing only of evidence" containing biological material that "was secured in relation to the offense that is the basis of the challenged *conviction.*" TEX.CODE CRIM. PROC. ANN. art. 64.01(b) (emphasis added). It further provides that a *"convicted* person is entitled to counsel during a proceeding under this chapter" and that the *"convicting* court shall appoint counsel for the *convicted* person" if the court finds reason-

able grounds for a motion to be filed and determines that the person is indigent. TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (emphasis added). Article 64.02 provides "the *convicting* court shall" provide the State with a copy of the motion and require the attorney representing the State to either deliver the evidence to the court along with a description of the condition of the evidence or explain in writing to the court why the State cannot deliver the evidence. TEX.CODE CRIM. PROC. ANN. art. 64.02(a) (emphasis added). Article 64.03 authorizes the *"convicting* court" to order forensic DNA testing when the court makes certain findings and specifically states that a *"convicted* person who pleaded guilty or nolo contendere" may submit a motion under chapter 64 despite having entered said plea. TEX.CODE CRIM. PROC. ANN. art. 64.03(a), (b) (emphasis added). Articles 64.04 and 64.05 further discuss the "convicting court" and the "convicted person." TEX.CODE CRIM. PROC. ANN. arts. 64.04, 64.05 (Vernon 2006).

Article 3.01 of the code of criminal procedure provides that "[a]ll words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specifically defined." TEX.CODE CRIM. PROC. ANN. art. 3.01 (Vernon 2005). The terms "conviction" and "convicted person" are not defined in the penal code, the code of criminal procedure, or the Texas Constitution. *McNew v. State,* 608 S.W.2d 166, 171 (Tex.Crim.App. [Panel Op.] 1978); *see* TEX. PEN.CODE ANN. § 1.07 (Vernon Supp.2007); TEX.CODE CRIM. PROC. ANN. art. 3.01; TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05. Nevertheless, the court of criminal appeals has concluded a conviction, "regardless of the context in which it is used, *always* involves an *adjudication of guilt.*" *McNew,* 608 S.W.2d at 172; *see Ex parte Evans,* 964 S.W.2d 643, 647 (Tex.Crim.App.1998)

(court of criminal appeals has most often "construed the term 'conviction' to mean a judgment of guilt and the assessment of punishment"); *Hurley v. State,* 130 S.W.3d 501, 505 (Tex.App.-Dallas 2004, no pet.) (same). In contrast, the procedures for granting a defendant deferred adjudication do not involve an adjudication of guilt. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.2007) (judge may defer further proceedings without entering adjudication of guilt and place defendant on community supervision); *McNew,* 608 S.W.2d at 172 (concluding that since procedures delineated in article 42.12 do not involve adjudication of guilt until after probation is revoked, "a trial judge's action in deferring the proceedings without entering an adjudication of guilt is not a 'conviction.' ").

In this case, Young filed a motion requesting post-conviction forensic DNA testing under chapter 64. Young, however, has not been convicted of a crime. Rather, his finding of guilt was deferred, and he successfully completed his deferred adjudication probation. Because chapter 64 specifically provides that a convicted person may seek post-conviction DNA testing, it follows that a person who has not been convicted is not entitled to seek relief under chapter 64. We conclude the State's argument that Young lacks standing has merit.

In reaching this conclusion, we reject Young's argument that he should be treated as a "convicted" person because he is treated as such under chapter 62 for sex offender registration requirements. Chapter 62, which applies only to "a reportable conviction or adjudication occurring on or after September 1, 1970," imposes certain duties to register on persons "on the basis of a reportable conviction or adjudication." TEX.CODE CRIM. PROC. ANN. art. 62.002 (Vernon 2006). Article 62.001 provides that a

" '[r]eportable conviction or adjudication' means a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication." TEX.CODE CRIM. PROC. ANN. art. 62.001(5) (Vernon Supp.2007). Thus, chapter 62 expressly applies to persons who, like Young, have not been convicted but have been given deferred adjudication. That the legislature specifically defined the class of people required to register under chapter 62 to include those having a conviction *or* "an adjudication of delinquent conduct or a deferred adjudication" is further proof that the legislature did not contemplate affording chapter 64 relief to a person who was given deferred adjudication. We sustain the State's first issue. In doing so, we need not address the remaining two issues raised. *See* TEX.R.APP. P. 47.1.

We vacate the trial court's order granting Young's motion for forensic DNA testing and dismiss this forensic DNA testing case.