

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00414-CR
### NO. 02-15-00415-CR

JEROME DIEGO BROWN                                    APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 0514634D, 0554991D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jerome Diego Brown appeals from the trial court's denial of his second motion for DNA testing in trial court cause number 0514634D (our cause number 02-15-00414-CR) and from the denial of his motion for DNA testing in trial court cause number 0554991D (our cause number 02-15-00415-CR).  In his sole point, Appellant contends that the trial court erred by not appointing counsel

---

[1]*See* Tex. R. App. P. 47.4.

for purposes of a Chapter 64 request for DNA testing. We dismiss the appeal in cause number 02-15-00415-CR for want of jurisdiction, and because we hold that the trial court did not abuse its discretion by failing to appoint counsel for Appellant to file a motion for DNA testing in cause number 02-15-00414-CR, we affirm the trial court's order denying DNA testing in that cause.

**Procedural History**

In 1996, in trial court cause number 0514634D, Appellant pled guilty to aggravated assault on a peace officer, jailer, or guard with a deadly weapon, and in exchange, the trial court sentenced Appellant to thirty-two years' confinement and dismissed trial court cause number 0554991D, which charged Appellant with committing aggravated assault on a different peace officer, jailer, or guard. In 2013, we denied Appellant's first motion for DNA testing in trial court cause number 0514634D.[2] In 2015, Appellant filed a second motion for DNA testing in that case as well as a motion for DNA testing in trial court cause number 0554991D. The trial court denied the motion in each case.

**Cause No. 0554991D/02-15-00415-CR**

Appellant concedes that the motion for DNA testing and appeal in trial court cause number 0554991D (our cause number 02-15-00415-CR) are "rendered moot" and that the "viable appeal" is in trial court cause number

---

[2]*Brown v. State*, No. 02-12-00263-CR, 2013 WL 2631173, at *2–3 (Tex. App.—Fort Worth June 13, 2013, no pet.) (mem. op., not designated for publication).

0514634D (our cause number 02-15-00414-CR). The State addresses the case on its merits because Appellant did not move to dismiss the appeal.

We typically have jurisdiction to consider an appeal by a criminal defendant only when there has been a final judgment of conviction.[3] While Chapter 64 of the code of criminal procedure gives this court jurisdiction to review a trial court's denial of postconviction DNA testing in a case not involving the death penalty,[4] "[it] is not an invitation . . . to review . . . anything beyond the scope" of the chapter.[5] Chapter 64 applies to convicted persons.[6] "Because chapter 64 specifically provides that a convicted person may seek post-conviction DNA testing, it follows that a person who has not been convicted is not entitled to seek relief under chapter 64."[7] The trial court dismissed trial court

---

[3]*See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Sontiago Morales v. State*, No. 02-04-00550-CR, 2005 WL 375495, at *1 (Tex. App.—Fort Worth Feb. 17, 2004, no pet.) (mem. op., not designated for publication).

[4]Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006); *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.); *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd), *cert. denied*, 552 U.S. 1117 (2008).

[5]*Garcia*, 363 S.W.3d at 822 (internal quotation marks omitted) (citing *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005), and *Reger*, 222 S.W.3d at 513).

[6]*State v. Young*, 242 S.W.3d 926, 929 (Tex. App.—Dallas 2008, no pet.); *see also* Tex. Code Crim. Proc. Ann. arts. 64.01–.05 (West 2006 & Supp. 2016) (referencing the "convicting court" and the "convicted person").

[7]*Young*, 242 S.W.3d at 929.

cause number 0554991D in 1996; we therefore have no jurisdiction to consider Appellant's appeal from that matter,[8] and Appellant had no standing to seek DNA testing in that matter under Chapter 64.[9]   We dismiss the appeal in cause number 02-15-00415-CR for want of jurisdiction.[10]

As Appellant recognizes, his only viable appeal is in our cause number 02-15-00414-CR.  We therefore address his issue as it pertains to that case.

**Cause No. 0514634D/02-15-00414-CR**

In his second motion for DNA testing filed in 2015, Appellant stated,

> Thus, Movant maintain[s] he is innocent of the crime[,] and but for ineffective assistance of counsel[,] Movant would have fought his case in self-defense, but for the attack of Officer James M. Smith's assault from behind putting Movant in fear for his own life, when the struggle went down.

Appellant stated that he was entitled to counsel but was prepared to proceed pro se as long as the trial court provided him with "a complete copy of the record, including police reports, witness statements, affidavits, medical exam reports, motions, transcripts, etc."

The State filed a reply as well as proposed findings of fact and conclusions of law.  The proposed findings included findings that Appellant had pled guilty

---

[8]*See Workman*, 343 S.W.2d at 447; *Sontiago Morales*, 2005 WL 375495, at *1.

[9]*See Young*, 242 S.W.3d at 929.

[10]*See id.*; *Sontiago Morales*, 2005 WL 375495, at *1; *see also* Tex. R. App. 43.2(f).

4

pursuant to a plea agreement and that he did not appeal his conviction. The proposed conclusions of law included conclusions that because Appellant had alleged that this was a self-defense case, he failed to raise an issue of identity, and because identity was not at issue, there were no reasonable grounds for filing a motion for DNA testing. The trial court adopted the State's findings and conclusions and denied the motion for DNA testing.

In his sole point, Appellant argues that the trial court erred by not appointing counsel for purposes of a Chapter 64 request for DNA testing. We review the trial court's ruling on a Chapter 64 issue under a bifurcated standard of review.[11] We afford the trial court almost total deference in the determination of historical facts and in the application of law to those fact issues when they turn on credibility and demeanor.[12] We review de novo all other application-of-law-to-fact questions.[13]

Chapter 64 requires that the trial court grant DNA testing only if

- the trial court finds that the evidence to be tested
    - "still exists"
    - "is in a condition making DNA testing possible"; and
    - "has been subjected to a chain of custody sufficient to establish

---

[11]*Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App.), *cert. denied*, 543 U.S. 864 (2004).

[12]*Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

[13]*Id.*

5

that it has not been substituted, tampered with, replaced, or altered in any material respect";

- the trial court finds that it is reasonably likely "that the evidence contains biological material suitable for DNA testing";

- the trial court finds that identity is or was an issue in the case; and

- "the convicted person establishes by a preponderance of the evidence that"

  ♦ he would not have been convicted if DNA testing had exculpated him; and

  ♦ his request for DNA testing is not made to unreasonably delay justice or the execution of his sentence.[14]

In concluding that appointment of counsel was not required, the trial court found that Appellant had "failed to raise an issue as to identity" based on his admissions in his motion that he had committed the offense in self-defense. The law is well-established that self-defense "fails to raise an issue as to the identity of the perpetrator of the alleged offense, which is required under the plain meaning of article 64.03(a)(1)(B)."[15] We hold that the trial court properly found that Appellant failed to raise an issue of identity. Consequently, Appellant failed

---

[14]Tex. Code Crim. Proc. Ann. art. 64.03(a); *State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015), *cert. denied*, No. 15-1377, 2016 WL 2839840 (Oct. 3, 2016).

[15]*Reger*, 222 S.W.3d at 514; *see also Peyravi v. State*, 440 S.W.3d 248, 249 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Birdwell v. State*, 276 S.W.3d 642, 646 (Tex. App.—Waco 2008, pet. ref'd); *Lyon v. State*, 274 S.W.3d 767, 770 & n.1 (Tex. App.—San Antonio 2008, pet. ref'd); *In re State ex rel. Villalobos*, 218 S.W.3d 837, 840–41 (Tex. App.—Corpus Christi 2007, orig. proceeding) (holding trial court abused its discretion in granting DNA testing because self-defense is not an identity concern).

to meet the statutory preconditions for granting his request for DNA testing.[16]

The Texas Court of Criminal Appeals has pointed out that in postconviction DNA cases, "[t]he entitlement to appointed counsel . . . is conditioned on three criteria."[17]  One of those three criteria is that the movant have "reasonable grounds" for filing a motion under the requirements of article 64.03.[18]  Because identity is not an issue in this case, and DNA testing would resolve no significant issue in this case, the trial court was not obligated to grant the motion for DNA testing.[19]  Appellant did not raise reasonable grounds for a motion to be filed.[20] The trial court, therefore, did not abuse its discretion by not appointing counsel for filing a motion for DNA testing because the record reflects no reasonable grounds for a motion to be filed.[21]  We overrule Appellant's sole point.

**Conclusion**

We dismiss the appeal in cause number 02-15-00415-CR for want of jurisdiction, and, having overruled Appellant's only point, we affirm the trial

---

[16]*See Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

[17]*Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010).

[18]*Id.*; *see Ex parte Gutierrez (Gutierrez II)*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011).

[19]*See Bell*, 90 S.W.3d at 304.

[20]*See Gutierrez II*, 337 S.W.3d at 891.

[21]*See id.*

7

court's order denying postconviction DNA testing in cause number 02-15-00414-CR.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 13, 2016